OPINION JUDGMENT ENTRY
{¶ 1} Appellant Aaron Hampton appeals the grant of permanent custody of his two children, Aaron and Cierenna, by the Stark County Court of Common Pleas, Juvenile Division. The Appellee is the Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the father of Aaron Hampton and Cierenna Hampton. The mother of the two children is Christina Villanueva. Christina has two other children, Blake and Desmond, whose paternity is undetermined. On September 6, 2001, SCDJFS filed a complaint alleging that all four children, Aaron, Cierenna, Blake, and Desmond, were dependent, neglected, and/or abused. At the time, the children were primarily residing with Christina. Appellant did not appear at the shelter care hearing, at which time the court concluded that the children should be returned to Christina. Subsequently, the children were adjudicated to be dependent, based on Christina's stipulation. Appellant failed to appear at said adjudication as well. At disposition, the children were placed under the protective supervision of SCDJFS.
 {¶ 3} On November 2, 2001, SCDJFS filed a post-dispositional motion seeking temporary custody with SCDJFS. Christina stipulated to an order placing the children outside of her home pending an evidentiary hearing. Said hearing was conducted on December 11, 2001, at which time the trial court granted an order of temporary custody to SCDJFS.[1] Appellant again did not appear.
 {¶ 4} The matter came before the Citizen's Review Board on March 6, 2002. Appellant was present at said review. On June 24, 2002, SCDJFS filed a motion to extend temporary custody. The children commenced an extended visit with Christina on December 20, 2002. On January 29, 2003, SCDJFS filed a motion to return the children to Christina with protective supervision. The next day, a magistrate conducted a previously-scheduled annual review hearing, following which status quo was maintained. However, on April 7, 2003, SCDJFS formally amended its motion to return the children with protective supervision to a motion to extend temporary custody.
 {¶ 5} On August 4, 2003, SCDJFS filed a motion for permanent custody. Shortly thereafter, the court granted SCDJFS's aforesaid motion to extend temporary custody. The adjudication of the permanent custody motion took place on December 22, 2003. The best interests portions were heard on January 13, 2004 and February 10, 2004. On April 2, 2004, the court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of Aaron and Cierenna, as well as Blake and Desmond, to SCDJFS.
 {¶ 6} Appellant filed a notice of appeal on April 26, 2004. He herein raises the following two Assignments of Error:
 {¶ 7} "I. The judgment of the trial court that the minor children cannot or should not be placed with appellant is against the manifest weight of the evidence.
 {¶ 8} "II. The trial court's determination of abandonment with respect to appellant and its failure to consider his rights when determining the best interest of the children is an abuse of discretion."
 I., II. {¶ 9} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 10} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned.
 {¶ 13} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 15} In the case sub judice, the trial court relied both on R.C. 2151.414(B)(1)(b) and R.C. 2151.414(B)(1)(d) in reaching its permanent custody decision. In other words, the court found appellant's children were abandoned and fell under the "twelve of twenty-two" rule. Appellant in his brief, however, focuses on the abandonment finding, but does not challenge the court's "12 of 22" finding. Appellant has thus failed to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," in regard to this issue, as per App.R. 16(A)(7). As the court's presently unchallenged R.C. 2151.414(B)(1)(d) "12 of 22" finding was a sufficient basis to move directly to the best interest phase of the proceedings, (see, e.g., In re Ball/ButlerChildren, Stark App. No. 2003CA00015, 2003-Ohio-1899, ¶ 39; Inre Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, ¶ 26), appellant's arguments are without merit.
 {¶ 16} Appellant's First Assignment of Error is overruled.
 II. {¶ 17} Appellant first challenges, once again, the court's "abandonment" finding. Based on our holding under appellant's First Assignment of Error, we find further analysis of this issue unnecessary. Appellant secondly contends the court did not "consider his rights" when it addressed the "best interest" portion of the case. In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 18} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 19} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 20} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 21} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 22} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 23} As SCDJFS notes in its brief, "[i]t is axiomatic that both the best-interest determination and the determination that the child cannot be placed with either parent focus on the child, not the parent." In re Mayle (July 27, 2000), Cuyahoga App. Nos. 76739, 77165, citing Miller v. Miller (1988),37 Ohio St.3d 71, 75. Appellant points out that he acted appropriately at visits with the children, and that there is a bond between the children and appellant's extended family and relatives. The children have attended church with appellant's mother and have had Sunday dinners with his relatives. Appellant admitted to past accusations of domestic violence, but maintained at trial that he has never been an abuse perpetrator against the children. However, earlier in SCDJFS's involvement in this case, while the children were temporarily placed with the paternal grandmother, she did not know where appellant lived, other than that he was in another state. When appellant finally returned to Ohio, he did not immediately see his children because he was trying to find a place to live. Krishina Bates, the current ongoing caseworker, painted a more dismal picture of appellant's visits with the children, stating he did not act appropriately . She also expressed that his prior criminal conduct presented a risk to the children. In addition to these witnesses, the trial court had before it the guardian-ad-litem's report and testimony recommending permanent custody.
 {¶ 24} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. While appellant in the case sub judice certainly has standing to appeal the court's decision to grant permanent custody, it is troubling that he now brings this appeal despite missing a number of important hearings throughout this case, and never once seeking an alternative to a case plan that sought reunification with the children's mother, not with him. Furthermore, appellant chiefly alleges herein that the trial court failed to consider statutory factors regarding best interests of the children. Nonetheless, "R.C. 2151.414(D) requires the court `consider all relevant factors' as set forth in this subsection. * * * The statute does not require the court to list those factors or conditions it found applicable before making its determination that the child cannot be placed with either parent or that the permanent custody is in that child's best interest." In re I.M. Cuyahoga App. Nos. 82669, 82695, 2003-Ohio-7069, ¶ 27. See, also, R.C. 2151.353(A)(4).
 {¶ 25} Upon review of the record and the extensive findings of fact and conclusions of law therein, we conclude the trial court's grant of permanent custody to SCDJFS was made in the consideration of the children's best interests and did not constitute an abuse of discretion.
 {¶ 26} Appellant's Second Assignment of Error is overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.
[1] The children have not been returned to parental custody since the filing of the temporary custody order on December 14, 2001.