OPINION
{¶ 1} Appellant Curtis Bailey appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of his five children to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} This matter involves five minor children. Appellant is the father of Katherine, Milton, Curtis, and Essie Bailey. The paternity of Heaven Bailey was not established at the time of the proceedings sub judice. The mother of all five children is Marcia Bailey. On July 16, 2003, SCDJFS filed a complaint alleging dependency, neglect, and abuse regarding these children. The complaint stated that SCDJFS has had ongoing concerns with the family since 1993 pertaining to inappropriate housing, mental health issues, and domestic violence. The court initially placed the children with their mother under protective supervision and ordered appellant to have no contact with the children. On October 21, 2003, the court granted temporary custody to SCDJFS.
 {¶ 3} On August 10, 2004, SCDJFS filed a motion for permanent custody. A trial date was eventually scheduled for November 2, 2004. On that date, appellant was transported from the Stark County Jail, where he was being held on another matter. The court thereupon granted appellant a continuance until November 18, 2004, and ordered the appointment of counsel.
 {¶ 4} The parties returned to court for the November 18th hearing, at which time appellant requested different legal counsel, which the trial court denied. The court thereupon conducted the evidentiary hearing. On November 22, 2004, the court issued a judgment entry with findings of fact and conclusions of law, granting permanent custody of the Bailey children to SCDJFS.
 {¶ 5} On December 22, 2004, appellant filed a notice of appeal, and herein raises the following four Assignments of Error:
 {¶ 6} "I. The trial court erred as a matter of law when it proceeded with the permanent custody hearing even though appellant had never been served with any information regarding the case.
 {¶ 7} "II. The trial court erred as a matter of law then (sic) it overruled appellant's motion to continue.
 {¶ 8} "III. The trial court's finding that appellant abandoned his children is against the manifest weight of the evidence.
 {¶ 9} "IV. The judgment of the trial court that the best interests of the minor children would be served by granting permanent custody to scdjfs is against the manifest weight of the evidence."
 I. {¶ 10} In his First Assignment of Error, appellant contends the trial court erred in conducting the permanent custody proceedings, alleging he did not receive proper service of process.
 {¶ 11} As an initial matter, we note that a question of personal jurisdiction may not be raised for the first time on appeal. Fields v.Stange, Franklin App. No. 03AP-48, 2004-Ohio-1134, citing Weightman v.Weightman (May 13, 1999), Franklin App. No. 98AP-1021, citing SecurityIns. Co v. Regional Transit Auth. (1982), 4 Ohio App.3d 24, 28. A claim of insufficiency of service of process attacks the personal jurisdiction of the Court over the movant. See, e.g., In re Shepard,
Highland App. No. 00CA12.2001, 2001-Ohio-2499, citing In re Zaria Crews
(July 30, 1999), Montgomery App. No. 17670. A review of the record in the case sub judice reveals appellant, who was present with appointed counsel at the second hearing on November 18, 2004, did not raise, as a pretrial motion, any claim of defective service of process. However, such a claim was later raised as part of his oral motion for a directed verdict. Tr. II at 22. We thus find the service issue preserved for appeal.
 {¶ 12} The record reveals that at the first permanent custody hearing on November 2, 2004, SCDJFS counsel personally served appellant with the permanent custody motion, which was noted by the court. Tr. I at 24-25. In addition, appellant was again served with said motion by certified mail at the Stark County jail on November 6, 2004. SCDJFS's Exhibit 3. When the parties returned to court on November 18, 2004, appellant stated he planned to get some money together for private counsel after he was released from jail (Tr. II at 4), even though his appointed attorney said she was currently prepared to proceed. Tr. II at 5.
 {¶ 13} We find no reversible error as to service of process as urged by appellant. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 14} In his Second Assignment of Error, appellant argues the trial court erred in denying his second request for a continuance. We disagree.
 {¶ 15} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 16} As noted previously, appellant appeared at the first scheduled permanent custody hearing and was granted a continuance to consult with appointed counsel. At the next hearing on November 18, 2004, even though his attorney was prepared to proceed, appellant told the court:
 {¶ 17} "FATHER: The reason why because I just didn't feel that they were doing much of anything the way they was talking to me but I have no ah no help sir. I have no hope in trying to get them basically.
 {¶ 18} "THE COURT: Well who were you going to hire then to be your lawyer?
 {¶ 19} "FATHER: No I was when I get out of here I'm gonna get me a job and get me some money and get me a lawyer. Me and my sister . . . my sister is gonna help me.
 {¶ 20} "THE COURT: When you getting out?
 {¶ 21} "FATHER: Hopefully I get out December 1st. If not I won't get out until April." Tr. II at 4.
 {¶ 22} The record thus reveals appellant was dissatisfied with his appointed attorney, even though the court indicated that members of her office were "in this court all of the time and I know that they do a very good job for their clients." Tr. II at 5. But appellant's proposed solution consisted of rather vague assertions to the court that he would get a job upon an uncertain release date from jail and seek financial assistance from a relative. While this Court is well aware that natural parents have a constitutionally protected liberty interest in the care and custody of their children (see Santosky v. Kramer (1982), 445 U.S. 745,753), under the circumstances of this case, we are disinclined to substitute our judgment for that of the trial court on the question of the father's last-minute requested continuance.
 {¶ 23} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 24} In his Third Assignment of Error, appellant argues the trial court's finding of abandonment is against the manifest weight of the evidence. We disagree.
 {¶ 25} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 26} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 27} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 28} "(b) The child is abandoned.
 {¶ 29} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 30} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 31} As SCDJFS notes, the trial court in the case sub judice relied upon R.C. 2151.414(B)(1)(a), R.C. 2151.414(B)(1)(b), and R.C.2151.414(B)(1)(d) in reaching its permanent custody decision. Appellant in his brief, however, focuses solely on the (B)(1)(b) "abandonment finding", but does not challenge the court's (B)(1)(a) and (B)(1)(d) findings, which were each a sufficient basis to move directly to the best interest phase of the proceedings. Cf. In re Villanueva/HamptonChildren, Stark App. No. 2004CA00126, 2004-Ohio-4610, ¶ 15, citing In reBall/Butler Children, Stark App. No. 2003CA00015, 2003-Ohio-1899, ¶ 39;In re Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, ¶ 26.
 {¶ 32} Nonetheless, in the interest of justice, we have reviewed the record and hereby conclude the court's R.C. 2151.414(B)(1)(b), "abandonment" was not against the manifest weight of the evidence, as the transcript supports a finding that appellant failed to communicate or visit with his children for a period of ninety days or more. See R.C.2151.011(c). Although appellant was aware that the children had been removed form their mother's care and had been possibly placed in foster care, he admitted to making no attempt to contact SCDJFS or the mother to determine their status. Tr. II at 18-20. Appellant tried to rationalize that he was out of town, "working down south," but acknowledged that he had the ability to contact SCDJFS but did not do so. Tr. II at 20. He further admitted to providing no financial support for the children. Tr. II at 19.
 {¶ 33} Accordingly, appellant's Third Assignment of Error is overruled.
 IV. {¶ 34} In his Fourth Assignment of Error, appellant maintains the trial court's "best interests" finding was against the manifest weight of the evidence. We disagree.
 {¶ 35} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 36} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 37} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 38} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 39} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 40} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 41} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758.
 {¶ 42} Appellant emphasizes that SCDJFS did not serve him with a case plan, and that the children have had difficulty in bonding in their various foster placements. However, the record indicates that these children, ranging in age from six to fourteen years old, face varying psychological and behavioral problems, and no other relatives have been willing to take placement of the children. The guardian ad litem and ongoing worker Krishina Bates nonetheless both expressed hope that an adoptive home could be found upon the grant of permanent custody. Both also testified that none of the children have inquired of or sought visitation from appellant. The guardian ad litem noted that the children are presently receiving the proper services for the first time. In contrast, the record indicates appellant's lack of involvement in this matter has helped negate any observation of supervised interaction with the children. See R.C. 2151.414(D)(1). Furthermore, "[i]t is axiomatic that both the best-interest determination and the determination that the child cannot be placed with either parent focus on the child, not the parent." In re Mayle (July 27, 2000), Cuyahoga App. Nos. 76739, 77165, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 75, 523 N.E.2d 846.
 {¶ 43} Accordingly, upon review of the record and the trial court's thorough findings of fact and conclusions of law, we conclude the trial court's grant of permanent custody of the five Bailey children was made in the consideration of the children's best interests and was supported by the evidence. Appellant's Fourth Assignment of Error is overruled.
 {¶ 44} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Farmer, J., concur.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs to appellant.