OPINION
{¶ 1} Appellant Tiffany Hickman ("Appellant") appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, that denied her motion to continue the permanent custody hearing. The following facts give rise to this appeal.
 {¶ 2} On May 3, 2004, Appellee Guernsey County Children Services Board ("agency") opened a case, for ongoing services, for appellant and her daughter, Samantha Hickman. This was the result of substantiated allegations of unfit housing conditions, drug and alcohol usage by appellant, and appellant's conduct of leaving her minor child unsupervised. On July 1, 2004, appellant signed a voluntary case plan with the agency. On October 28, 2004, the agency received an ex parte order of custody of the child after the child was found unattended, at Deer Park Motel, because appellant was unconscious. On October 29, 2004, the juvenile court awarded temporary custody to the agency.
 {¶ 3} Thereafter, on January 6, 2005, appellant admitted the allegations contained in the complaint filed on October 29, 2004. The juvenile court found the child to be neglected. Due to appellant's failure to regularly visit with the child, failure to complete the requirements under her case plan, and her subsequent arrest for cocaine possession and escape, the agency moved for permanent custody on October 3, 2005. The juvenile court scheduled the trial for this matter on January 5, 2006, however, at appellant's request, it was rescheduled for January 17, 2006.
 {¶ 4} This matter proceeded to trial, on January 17, 2006, and prior to the commencement of the proceedings, appellant moved for a continuance on the basis that he had not been able to meet with appellant to discuss this matter until the night before trial, that the court appointed special advocate ("CASA") was not present, and that the father of the child was not present. The juvenile court denied appellant's motion. At trial, the juvenile court informed appellant that an admission to the allegations in the complaint would divest her of all parental rights. Appellant thereafter admitted to the allegations, in the motion for permanent custody, and the juvenile court found that the granting of permanent custody, to the agency, was in the child's best interest.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR CONTINUANCE WHEN APPELLANT WAS IMPRISONED IN THE STATE PENAL SYSTEM AND COUNSEL WAS UNABLE TO MEET WITH APPELLANT FOR A SUFFICIENT PERIOD OF TIME TO PREPARE FOR A PERMANENT CUSTODY HEARING AND WHEN THE COURT APPOINTED SPECIAL ADVOCATE FAILED TO APPEAR AT THE HEARING AND FAILED TO FILE A REPORT OR INVESTIGATE THE MATTER."
 I {¶ 7} In her sole assignment of error, appellant maintains the trial court erred when it denied her request for a continuance because counsel did not have sufficient time to counsel with her due to her incarceration and CASA failed to appear for the permanent custody hearing. We disagree.
 {¶ 8} "The grant or denial of a motion to continue a hearing is a matter which is entrusted to the broad discretion of the trial court. See State v. Unger (1981), 67 Ohio St.2d 65, * * *. An appellate court will not reverse the denial of a continuance unless there has been an abuse of discretion. Id. An abuse of discretion connotes more than a mere error in law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, * * *. It implies an arbitrary, unreasonable or unconscionable attitude on the part of the trial court. Id." In the Matter of:Denny (July 17, 2000), Stark App. No. 1999CA00305, at 4.
 {¶ 9} Prior to the commencement of the hearing in this matter, counsel for appellant moved for a continuance on three grounds. First, appellant argued Paul Harris, the child's father, had not been properly served with notice of the permanent custody proceedings. Tr. at 7. Second, CASA was not present at the hearing. Id. at 7-8. Third, due to appellant's incarceration, counsel did not have sufficient time to counsel her. Id. at 8. The trial court denied appellant's request for a continuance and stated on the record:
 {¶ 10} "I'm going to find that the — the lack of a CASA, while certainly would be helpful to the Court, is not jurisdictional at this time, because the Court does have a Guardian Ad Litem. He has made a report and will be available for cross-examination during this hearing this morning.
 {¶ 11} "While I am sympathetic to your ability to talk to your client, apparently she has given you no grounds for the continuance, other than the absence of the Father. So I'm going to overrule your motion on the three points that you presented to the Court, Mr. Nicholson." Id. at 13-14.
 {¶ 12} On appeal, appellant only challenges the trial court's denial of her motion for continuance based upon the lack of CASA at the hearing and the limited time counsel had to meet with her prior to the permanent custody hearing. Upon review of the record in this matter, we conclude the trial court did not abuse its discretion when it denied appellant's motion for a continuance. First, one continuance had already been granted in this matter at the request of appellant's counsel. Counsel for appellant knew, as early as October 14, 2005, that this matter would proceed to trial on January 17, 2006. Thus, counsel had approximately three months to consult with appellant prior to this matter proceeding to trial.
 {¶ 13} Second, further delay in this matter would cause inconvenience because the child is only two and one-half years old and has spent most of her life in foster care. The child's current placement is a foster-to-adopt placement and further delay would only create more instability in her life. Third, there is no statutory requirement that CASA must be present at the permanent custody hearing. See R.C. 2151.414(B).
 {¶ 14} Finally, we note that appellant contributed to the circumstances giving rise to her request for a continuance due to her incarceration. Even though appellant was incarcerated, she could have contacted her attorney to discuss this matter with him, but failed to do so.
 {¶ 15} Based upon these facts, we conclude the trial court did not abuse its discretion when it denied appellant's motion for a continuance.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.