[Cite as *In re K.R.*, 2016-Ohio-487.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF:<br>K.R. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 2015CA00166 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2014 JCV 00543

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:   February 9, 2016

APPEARANCES:

For Plaintiff-Appellee:       For Defendant-Appellant:

STARK COUNTY JFS       AARON KOVALCHIK
BRANDON J. WALTENBAUGH   116 Cleveland Ave. NW, Ste. 808
300 Market Ave. North      Canton, OH 44702
Canton, OH 44702

*Delaney, J.*

{¶1} Defendant-appellant Paul Reed ("Father") appeals from the August 12, 2015 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, terminating his parental rights with respect to his minor child, K.R. (d.o.b. 6/3/2014). Appellee is the Stark County Department of Jobs and Family Services (the Agency).

{¶2} This case is related to *In the Matter of K.R. Minor Child*, 5th Dist. Stark No. 2015CA00162. Both cases arise from the same facts, come to us on the expedited calendar, and shall be considered in compliance with App. R. 11.2(C).

### FACTS AND PROCEDURAL HISTORY

{¶1} Mother and Father have one child together, K.R. Father is presently serving a prison term of 15 years to life upon a conviction of murder, a crime he is accused of committing with Mother. The victim of the murder is the father of Mother's older children. Mother is also incarcerated but still awaiting trial.

{¶2} Mother has eight children and has an extensive history with the Agency prior to K.R.'s birth; K.R. is her youngest child. Mother has been convicted of contributing to the delinquency of a minor because two teenage children did not attend school for five years; she did not seek appropriate medical or dental care for the children which led to significant health issues; she failed to apply for benefits that would have contributed to the children's welfare because she was unable to provide an address, being frequently homeless; and police became involved when a home the family lived in was found to be in deplorable condition. On that occasion, police found the children hiding under a porch. At different times throughout the Agency's involvement with Mother, workers have been unable to locate her.

{¶3}   Two of Mother's older children were placed in the Agency's permanent custody in Stark County Court of Common Pleas, Family Court Division case number 2013JCV00949.  Legal custody of three children was granted to a relative, and cases for two remaining children were still pending at the time of the permanent custody hearing in the instant case.

{¶4}   Father and Mother's only child together is K.R.   Father has no prior involvement with the Agency; his case plan was sent to the Summit County Jail where he was already incarcerated when the Agency opened its case with K.R.  The Agency's concerns with Father (in addition to his imprisonment for murder) include assessment of his parenting, competency, and cognitive abilities.

{¶5}   Domestic violence is also an issue for both Mother and Father.

{¶6}   At the time of the evidentiary hearing, Mother had not had contact with K.R. since her birth, or over 90 days before.  Father was also incarcerated upon K.R.'s birth and has never met K.R.  Mother and Father have no-contact orders with K.R.

{¶7}   During her involvement with the Agency in connection with her other children, Mother has successfully completed portions of case plans in the past, including obtaining a mental health assessment from Northeastern Ohio Behavioral Health; attending domestic violence counseling at Renew; and completing a drug and alcohol assessment with no findings.  Shortly before her arrest for murder, Mother made arrangements to attend parenting classes in Summit County, but was arrested before she could complete any substantial portion of the classes.

{¶8}   Father has not made any progress on his case plan.

{¶9} The Agency caseworker testified K.R. cannot be placed with Mother or Father in a reasonable period of time. Father is already serving his prison term, and even if Mother is not convicted in the criminal case and is released from jail, she could not complete case plan services in a reasonable period of time to establish she is able to care for K.R. Mother is in need of comprehensive mental health treatment, a psychiatric consultation, counseling through Renew, and parenting classes. A psychologist testified Mother is in need of intensive mental health treatment of at least a year and a half to address her preoccupation with her own needs over those of her children and her paranoid personality disorder.

{¶10} Neither parent took any steps to reduce risks posed to K.R.

{¶11} K.R. is a happy and healthy 14-month-old with no developmental or medical issues. She is presently placed with a foster family; five of her half-siblings are in placement with a relative and two are in foster care. The half-siblings do have contact with each other and visit together regularly for birthdays and holidays.

{¶12} K.R. has been with the same foster family since she was discharged from the hospital after birth. She is doted upon by her foster parents and by two other children in the home. She has toys of her own and is closely bonded with the foster family. She has community and church support and attends daycare several times a week. K.R.'s foster family wants to adopt her and is committed to maintaining K.R.'s relationships with her half-siblings and other relatives.

{¶13} The Agency investigated relatives for placement with no positive results. The caseworker testified she recently learned of additional persons who might be

interested in placement which would require additional time for investigation and home studies.

*Permanent Custody Proceedings*

{¶14} Immediately after K.R.'s birth, the Agency filed a complaint alleging dependency and an emergency shelter care hearing was held on June 5, 2014. The trial court awarded emergency temporary custody of K.R. to the Agency and re-affirmed orders for the parents to complete parenting evaluations and to follow all recommendations.

{¶15} K.R. was found to be dependent on August 14, 2014 and placed in the temporary custody of the Agency. The trial court approved and adopted a case plan and found the Agency made reasonable efforts to prevent the need for continued removal of the child from the home.

{¶16} The case was reviewed on November 21, 2014 and the trial court approved and adopted the case plan review packet, found compelling reasons existed to preclude filing for permanent custody, found the Agency made reasonable efforts to prevent the need for continued removal of the child from the home, and maintained the status quo.

{¶17} The Agency filed a motion seeking permanent custody of K.R. on April 30, 2015, alleging K.R. could not be placed with Mother or Father within a reasonable time; the child was abandoned; and permanent custody is in her best interest. The trial court reviewed the case on May 1, 2015, approved and adopted the case plan review packet, found the Agency made reasonable efforts in finalizing the permanency plan in effect, and found no compelling reasons existed to preclude a request for permanent custody.

{¶18} The matter proceeded to evidentiary hearing on August 4, 2015.

{¶19} On August 12, 2015 the trial court issued its findings of fact granting permanent custody of K.R. to the Agency and terminating the parental rights of Mother and Father.

{¶20} Father now appeals from the decision of the trial court.

{¶21} Father raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶22} "I.  [FATHER] WAS DENIED DUE PROCESS WHEN THE TRIAL COURT DID NOT GRANT HIS MOTION FOR A CONTINUANCE."

{¶23} "II.  THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH [FATHER] AT THIS TIME OR WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶24} "III.  THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**ANALYSIS**

**I.**

{¶25} In his first assignment of error, Father argues the trial court should have granted his continuance of the permanent custody case to permit further investigation of kinship placement.  We disagree.

{¶26} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *In re Bailey Children*, 5th Dist. Stark No. 2004 CA

00386, 2005-Ohio-2981, ¶ 15, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶27} Father requested a continuance of the permanent custody proceedings so that additional home studies could be completed on people whose names were provided to the caseworker within a week of the trial.  The trial court noted even if the motion for permanent custody was granted, those interested parties could still request a home study and seek placement and adoption of K.R.  Father further argues a continuance would have permitted him time to work on case plan services if and when his murder conviction was overturned on appeal.  Further delay of the case would cause inconvenience because K.R. is 14 months old and has spent her entire life in foster care. Delaying the case based upon the remote possibility of Father's release from prison under these circumstances would only create more unwarranted instability in her life. See*, In re Hickman*, 5th Dist. Holmes No. 06 CA 7, 2006-Ohio-2867, ¶ 13.

{¶28} We find the trial court did not abuse its discretion in denying Father's motion to continue.  Father's first assignment of error is overruled.

II., III.

{¶29} Father's second and third assignments of error are related and will be considered together.  Father argues the trial court erred in finding K.R. cannot be placed with him within a reasonable period of time and its decision to grant permanent custody to the Agency is not supported by clear and convincing evidence.  We disagree.

{¶30} "[T]he right to raise a child is an 'essential' and 'basic' civil right." *In re Murray,* 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), quoting *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). An award of permanent custody must be based on clear and convincing evidence. R.C. 2151.414(B)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 120 N.E.2d 118. If some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶31} Issues relating to the credibility of witnesses and the weight to be given to the evidence are primarily for the trier of fact. *Seasons Coal v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evidence in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger,* 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997).

{¶32} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency.

{¶33} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶34} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, a trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶35} In this case, the trial court found Father was convicted of murder and sentenced to a prison term of 15 years to life, and will not be available to care for K.R. within the next 18 months even if his appeal is successful in the criminal case. Due to his arrest, conviction, and imprisonment, Father has never met K.R. and has made no progress on his case plan. If the trial court determines, by clear and convincing evidence, a parent is incarcerated at the time of the filing of the motion for permanent custody and will not be available to care for the child for at least eighteen months, the court shall enter

a finding that the child cannot be placed with the parent within a reasonable time. See R.C. 2151.414(E)(12). Our review of the record supports the trial court's decision that K.R. cannot be placed with Father within a reasonable time.

{¶36} We next turn to the issue of best interest. We have frequently noted, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children,* 5th Dist. No.2000CA00244, 2000 WL 1700073 (Nov. 13, 2000), citing *In re Awkal,* 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist.1994). The trial court determined it was in the best interest of K.R. to be placed in the Agency's permanent custody and we agree.

{¶37} K.R. has been with the same foster family since birth; the foster home is appropriate and the parents and children in the home dote on K.R. They want to adopt and are very bonded with K.R. Although she is not placed with her half-siblings, the foster family is committed to maintaining and continuing her relationships with her family.

{¶38} Proposed relative and kinship placements have not worked out. Father argues the Agency should have further investigated Sonia Frazier for kinship placement, but the record reveals only that Ms. Frazier filed a motion for legal custody and a motion to intervene and both were overruled.

{¶39} There is no bond between K.R. and either Mother or Father and there have been no visits. The trial court found the harm of breaking this nonexistent bond is far outweighed by the benefit of permanency and stability in K.R.'s life and we agree. Clear

and convincing evidence supports the trial court's conclusion that it is in K.R.'s best interest to grant permanent custody to the Agency.

{¶40} Upon our review of the record in light of the pertinent statutory factors, we find the record contains clear and convincing evidence which supports the trial court's determination. The trial court did not err when it determined K.R. could not be placed with Father in a reasonable time. The granting of permanent custody of K.R. to the Agency was made in consideration of the child's best interests and was not an abuse of discretion.

{¶41} Father's second and third assignments of error are overruled.

**CONCLUSION**

{¶42} Father's three assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.