[Cite as *Nationstar Mtge., L.L.C. v. Williams*, 2014-Ohio-4553.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| NATIONSTAR MORTGAGE LLC | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 14 CAE 04 0029 |
| CRAIG A. WILLIAMS, ET AL | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil appeal from the Delaware County
Court of Common Pleas, Case No. 13 CV E
02 0158


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  October 13, 2014

APPEARANCES:

For Plaintiff-Appellee
Nationstar Mortgage LLC
DAVID CAREY
JOHN KOPF III
41 S. High St., Ste 1700
Columbus, OH 43215

SARAH LEIBEL
Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, OH 45117

For Defendants-Appellants
Craig and Liz Williams
MARC DANN LAW FIRM
JAMES R. DOUGLASS
4600 Prospect Avenue
Cleveland, OH  44103

*Gwin, P.J.*

{¶1} Appellants appeal the March 27, 2014 judgment entry of the Delaware County Court of Common Pleas granting appellee's motions for default judgment and summary judgment and entering a decree of foreclosure.

*Facts & Procedural History*

{¶2} On August 8, 2005, appellant Craig Williams executed a promissory note in favor of PrimeLending ("PrimeLending"), a PlainsCapital Company, in the amount of $359,650.00. The note was first indorsed to Lehman Brothers Bank, FSB, then from Lehman Brothers Bank to Lehman Brothers Holdings, Inc., then from Lehman Brothers Holdings, Inc. to blank. Also on August 8, 2005, appellants Craig Williams and Liz Williams executed a mortgage that secured the note and encumbered the property located at 3400 Ostrander Road, Ostrander, Ohio, 43061. The mortgage indicated the lender was PrimeLending and listed Mortgage Electronic Registrations Systems ("MERS") as mortgagee and nominee for Lender and Lender's successors and assigns. The mortgage was recorded on August 9, 2005. In a document entitled "Assignment of Mortgage," that was dated November 5, 2012 and recorded on December 6, 2012, MERS, as nominee for PrimeLending, assigned the August 8, 2005 mortgage to appellee Nationstar Mortgage, LLC ("Nationstar").

{¶3} Appellee filed a complaint for foreclosure on February 20, 2013, stating appellants were in default due to lack of payment. Appellee attached to its complaint a copy of the note, mortgage, and assignment of mortgage. The complaint alleged that appellee was the holder of the note and mortgage. Further, that the foreclosing party or

creditor, directly or indirectly through an agent, has possession of the note that has been duly indorsed.

{¶4} Appellee attempted certified mail service on appellants at two different addresses that was returned "unclaimed, unable to forward." In both May of 2013 and July of 2013, appellee filed a request for ordinary mail service to appellants. The regular mail was returned unable to deliver. On September 3, 2013, appellee filed an affidavit for service by publication. The attorney for appellee submitted an affidavit stating that he attempted to locate addresses for appellants, that he attempted to serve each multiple times at two addresses, and that he had used all reasonable efforts in trying to locate appellants, including a review of client records, search of the internet, and other skip-tracing sources. The affidavit provided that it is likely that future effort to ascertain the location of appellants will be unsuccessful. Proof of the service of publication was filed on October 18, 2013, which states that the last publication in the Delaware Gazette was on September 25, 2013.

{¶5} On October 23, 2013, Craig Williams filed a motion requesting an extension of time to move or plead in response to the complaint and gave P.O. Box 10, Ostrander, Ohio, as his address, which is one of the addresses where appellee attempted to serve appellants by certified and regular mail. The trial court granted Craig's motion on October 30, 2013. Craig Williams filed an answer on November 20, 2013. On February 26, 2013, appellee filed a motion for default judgment against Liz Williams and moved for summary judgment against Craig Williams. Appellee served both motions upon appellants at the P.O. Box 10, Ostrander address. Appellee submitted the affidavit of Tiera Thune ("Thune"), assistant secretary for appellee, in

support of its motion for summary judgment. Appellants did not respond to the motion for default judgment or motion for summary judgment. The trial court granted appellee's motion for default judgment and summary judgment on March 27, 2014 and entered a decree of foreclosure.

{¶6} Appellants appeal the March 27, 2014 judgment entry of the Delaware County Court of Common Pleas and assign the following as error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT TO PLAINTIFF BASED UPON AN AFFIDAVIT WHEREIN THE AFFIANT FAILED TO DEMONSTRATE PERSONAL KNOWLEDGE OR THE FACTS NECESSARY TO DEMONSTRATE ENTITLEMENT TO RELIEF.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT AWARDED A PLAINTIFF WHO FAILED [TO] DEMONSTRATE THAT IT COMPARED THE ORIGINAL NOTE WITH THE COPY OFFERED IN SUPPORT OF SUMMARY JUDGMENT.

{¶9} "III. THE TRIAL COURT ERRED WHEN IT AWARDED A DEFAULT JUDGMENT AGAINST DEFENDANT LIZ WILLIAMS WHEN PLAINTIFF FAILED TO PERFECT SERVICE."

I. & II.

{¶10} We consider appellants' first two assignments of error together because they raised interrelated issues regarding the trial court's grant of summary judgment in favor of appellee. We refer to Civil Rule 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor.   A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶11}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.  *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981).  The court may not resolve any ambiguities in the evidence presented.  *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984).  A fact is material if it affects the outcome of the case under the applicable substantive law.  *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court.  *Smiddy v. The*

*Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

*Personal Knowledge*

{¶14} Appellants argue that Thune's affidavit failed to satisfy the requirement of Civil Rule 56(E) that affidavits must be made on personal knowledge with respect to the attached documents' admissibility as records of regularly conducted activity pursuant to Evid.R. 803(6). We disagree.

{¶15} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage v. Cathcart*, 5th Dist. Stark

No. 2013CA00179, 2014-Ohio-620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

**{¶16}** Affidavits which merely set forth conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civil Rule 56(E). *Tolson v. Triangle Real Estate*, 10th Dist. Franklin No. 03AP-715, 2004-Ohio-2640. However, Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. *Wells Fargo Bank, N.A. v. Dawson*, 5th Dist. Stark No. 2013CA00095, 2014-Ohio-269. The assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*

**{¶17}** In the affidavit, Thune avers that the statements made in the affidavit are based on her personal knowledge and her review of the business records for and relating to the loan including the note, mortgage, and appellee's electronic servicing system. She states that in her capacity as assistant secretary for Nationstar Mortgage LLC, she has access to the business records of Nationstar Mortgage LLC, maintained in the ordinary course of regularly conducted business activity, and the affidavit was based on her personal knowledge from her review of the records and from her own personal

knowledge of how they are kept and maintained. She states that loan records are maintained by appellee in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. Thune avers that the records she reviewed and relied upon for the statements made in the affidavit include, but are not limited to, the note, the mortgage, and appellee's electronic servicing system.

{¶18} From her position as assistant secretary of Nationstar Mortgage LLC and her statement that she reviewed the documents in the instant case, it may be reasonably inferred that Thune has personal knowledge to qualify the documents as an exception to the hearsay rule as a business document. See *OneWest Bank, FSB v. Albert,* 5th Dist. Stark No. 2013CA00180, 2014-Ohio-2158; *Citimortgage, Inc. v. Cathcart*, 5th Dist. Stark No. 2013CA00179, 2014-Ohio-620. The affidavit is properly admissible Civil Rule 56 evidence and appellants, in failing to respond to appellee's motion for summary judgment, did not submit any Civil Rule 56 evidence to contradict the affidavit and thus failed to establish any genuine issue of material fact. The trial court did not err in granting summary judgment based on Thune's affidavit.

*Standing*

{¶19} Appellants also argue that Nationstar does not have standing and is not a party entitled to enforce the note and mortgage. We disagree.

{¶20} To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank*

*Nat'l. Assoc. v. Marcino*, 181 Ohio App.3d 328, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Mtge. Corp v. Smith*, 1st Dist. Hamilton No. CO61069, 2007-Ohio-5874. R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶21} In this case, appellee attached to its complaint copies of the note and mortgage and alleged it was the holder of the note, which was endorsed in blank, and mortgage. Further, that the foreclosing party or creditor, directly or indirectly through an agent, has possession of the note that has been duly endorsed. Also attached to the complaint is an assignment of mortgage dated November 5, 2012 and recorded on December 6, 2012, in which MERS, as nominee for PrimeLending, assigned the August 8, 2005 mortgage to appellee. When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. R.C. 1303.25(B). In addition, the affidavit of Thune, attached to appellee's motion for summary judgment, states that true and exact copies of the note and mortgage are attached to the affidavit. The affidavit avers that appellee holds the note and is the servicer of the loan. Accordingly, appellee presented sufficient evidence

to demonstrate that it was the current holder of the note and mortgage when the complaint was filed. Appellants did not provide any Civil Rule 56 evidence to create a genuine issue of material fact that appellee was not the owner and holder of the note and mortgage at the time the complaint was filed.

{¶22} We further find that even if appellee was not in possession of the note at the time the complaint was filed, the assignment of the mortgage is sufficient to transfer both the note and the mortgage because the documents evidence the parties' intent to keep the instruments together. In *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, we held that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and the mortgage.

{¶23} This case is analogous to the *Dobbs* case as the record indicates the parties intended to transfer both the note and the mortgage. The note dated August 8, 2005 provides, "in return for a loan that I have received, I promise to pay U.S. $359,650.00 plus interest, to the order of Lender." Further, the note states, "In addition to the protection given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed ('Security Instrument") dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note." The mortgage, signed and August 8, 2005, provides, "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."

**{¶24}** The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. Since the mortgage assignment was recorded on December 6, 2012, prior to the filing of the complaint on February 20, 2013, the note was effectively transferred on that date.

**{¶25}** Accordingly, there are no genuine issues of material fact as to whether appellee is the real party in interest with standing to pursue this foreclosure action.

*Affidavit & Comparison of Documents*

**{¶26}** Appellant next argues the trial court erred in relying on Thune's affidavit in granting summary judgment because Thune failed to demonstrate she compared the original note with the copy submitted in support of the summary judgment as required by *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202.

**{¶27}** First, as discussed above, appellee has standing via the assignment of the mortgage separate from the possession of the blank-endorsed note. Further, Thune states that she actually saw the note, not a copy of the note, and that the attachment to the affidavit is a "true and exact" copy of the note. The copy of the note attached to the affidavit is also stamped "ORIGINAL." Unlike in the cases cited by appellant, appellants failed to submit any Civil Rule 56 evidence to support their contention that Thune did not compare the original note with the copy. Accordingly, we find there in no genuine issue of material fact as to whether Thune's affidavit sufficiently authenticated the note submitted in support of appellee's motion for summary judgment.

**{¶28}** Based on the foregoing, we find the trial court did not err in granting appellee's motion for summary judgment. Appellants' first and second assignments of error are overruled.

III.

**{¶29}** Appellant Liz Williams contends appellee failed to perfect service on her because appellee failed to demonstrate it took any steps to ascertain her residence. We disagree.

**{¶30}** As an initial matter, we note that a question of personal jurisdiction may not be raised for the first time on appeal. *In re Bailey Children*, 5th Dist. Stark No. 2004CA00386, 2005-Ohio-2981. A party may challenge the entry of default judgment against them by filing either a Rule 60(B) motion for relief from judgment or a motion to vacate the judgment on grounds that it is void ab initio for lack of personal jurisdiction. *Linquist v. Drossel*, 5th Dist. No. 2006 CA 00119, 2006-Ohio-5712. In this case, Liz Williams failed to challenge the default judgment against her by filing a motion to vacate based on a claim of insufficiency of service and thus she cannot raise this issue for the first time on appeal.

**{¶31}** However, we find even if appellant Liz Williams filed a proper motion to vacate for lack of personal jurisdiction, the trial court did not lack jurisdiction to grant service by publication or subsequently lack jurisdiction to grant default judgment based on defective due process of service.

**{¶32}** This Court reviews a grant of default judgment for an abuse of discretion. See *Snyder v. Swick*, 5th Dist. Stark No. 2010CA0006, 2010-Ohio-5138. When a party challenges the existence or sufficiency of service of process, the court is "guided by the

premise that service is proper where the civil rules on service are followed, unless sufficient evidence exists to rebut this principle." *Harris v. Johnson*, 5th Dist. Perry No. 10 CA 22, 2011-Ohio-3102. In this case, appellee complied with the rules by attempting to serve appellant Liz Williams by certified mail, twice by ordinary mail at two different addresses, one being the address given as the address of her husband, appellant Craig Williams, and by publishing a notice in the Delaware Gazette.

{¶33} Civil Rule 4.4(A) provides:

Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

{¶34} Whether a party exercised reasonable diligence is fact dependent and conducted at the trial court's discretion and requires "taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582.

{¶35} In support of its request for service by publication, appellee submitted the affidavit of its attorney detailing its reasonable diligence in attempting to locate Liz Williams and specifies that appellee: attempted service upon Liz Williams on three different occasions at two different addresses; reviewed its records; searched the Internet; and tried using other skip-tracing sources, but was unable to ascertain Liz Williams' location. Though appellant argues that the affidavit is inadmissible hearsay,

Civil Rule 4.4(A) itself states such an affidavit can be submitted by the party's attorney, and any effort to locate an address involves contact with outside sources. *In re Walters*, 5th Dist. Fairfield No. 2005 CA 66, 2006-Ohio-631. Accordingly, the trial court's conclusion that service by publication had been completed was not an abuse of discretion. Appellants' third assignment of error is overruled.

{¶36} Based on the foregoing, appellants' assignments of error are overruled and the March 27, 2014 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur