[Cite as *Wells Fargo Bank, N.A. v. Roehrenbeck*, 2016-Ohio-1273.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, NA | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 15-CA-61 |
| MARY K. ROEHRENBECK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Common
                                                    Pleas, Court, Case No. 14-CV-0191

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT ENTRY:       March 23, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

SCOTT A. KING                               MARY ROEHRENBECK, PRO SE
TERRY W. POSEY, JR.                      264 Isaac Tharp St.
Thompson Hine LLP                         Pataskala, Ohio 43062
10050 Innovation Drive
Suite 400
Miamisburg, Ohio 45342

*Hoffman, P.J.*

{¶1} Defendant-appellant Mary K. Roehrenbeck appeals the August 5, 2015 Judgment Entry and Decree in Foreclosure entered by the Licking County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Wells Fargo Bank, N.A. ("Wells Fargo"), and issued a decree of foreclosure.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 24, 2006, Appellant executed a promissory note in favor of Beazer Mortgage Corporation in the amount of $217,183.00, for real property located at 264 Isaac Tharp Street, Pataskala, Licking County, Ohio. To secure payment of the Note, Appellant executed an open-ended mortgage against the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Beazer, its successors and assigns. The Mortgage contained a legal description of the Property and indicated the lot number as "89". Beazer subsequently indorsed the Note to American Brokers Conduit, which indorsed it to Appellee, which indorsed it in blank. MERS executed a Notice of Assignment of Mortgage to Appellee on March 7, 2012.

{¶3} Appellant defaulted under the terms of the Note and Mortgage and Appellee accelerated the debt. On February 28, 2014, Appellee filed its complaint, seeking to recover the balance due under the Note and to foreclosure the Mortgage. Appellant filed an answer on May 23, 2014.

{¶4} On July 9, 2014, Appellant filed Defendant's Notice to the Court Requesting Plaintiff to Produce Documents and Admissions. The filing bore a certificate of service, however, the certificate did not reflect whether Appellant had provided Appellee with an electronic copy of the requests. Upon leave of court, Appellee filed an amended

complaint on October 16, 2014. The amended complaint added a reformation claim, seeking to reform the description of the Property from lot number 89 to lot number 79.

{¶5} Appellant filed an answer to the amended complaint on November 17, 2014, and a motion to dismiss the amended complaint on January 13, 2015. The trial court denied Appellant's motion to dismiss via Judgment Entry filed February 17, 2015.

{¶6} Appellee filed a motion for summary judgment on May 21, 2015, as well as a supplemental motion on July 9, 2015. Appellant filed a memorandum in opposition on June 22, 2015. In her memorandum in opposition, Appellant argued Appellee failed to timely respond to her request for admissions. Appellant further asserted because Appellee's affidavit in support of summary judgment authenticated the Mortgage as a "true and accurate" copy, the claim for reformation should fail. Finally, Appellant maintained Appellee "admitted that they received full payment for the Note, multiple times" due to Appellee's failure to respond to her request for admissions.

{¶7} Via Memorandum of Decision issued July 14, 2015, the trial court granted summary judgment in favor of Appellee. The trial court issued a Judgment Entry and Decree in Foreclosure on August 5, 2015. The trial court found the Note was secured by the Mortgage as a first lien on the Property. The trial court further found a mutual mistake in the Mortgage which identified the Property as Lot 89 instead of Lot 79, and reformed the Mortgage to reflect the correct description.

{¶8} It is from the August 5, 2015 entry Appellant appeals, raising the following assignments of error:

**{¶9}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT TO PLAINTIFF, WELLS FARGO, BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST.

**{¶10}** "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT TO PLAINTIFF, WELLS FARGO, BECAUSE PLAINTIFF/APPELLEE DID NOT PROVE STANDING."

I, II

**{¶11}** In her first assignment of error, Appellant maintains the trial court erred in granting summary judgment in favor of Wells Fargo as genuine issues of material fact exist. In her second assignment of error, Appellant contends the trial court erred in granting summary judgment as Wells Fargo failed to prove standing. We disagree with both assertions.

**{¶12}** Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996–Ohio–211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379,

citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

**{¶13}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

**{¶14}** Appellant submits the trial court erred in granting summary judgment to Wells Fargo as a genuine issue of material fact exists as to standing. Appellant explains, by failing to respond to her request for admissions, Wells Fargo "demonstrated that [it] agreed with the claims" and by its "own admissions" acknowledged it did not have standing. Brief of Appellant at 5. Appellant presented these facts, which she contends were deemed admitted due to the failure of Wells Fargo to respond to her request for admissions, throughout the course of the proceedings and, in particular, in her memorandum contra Wells Fargo's motion for summary judgment. Wells Fargo counters Appellant failed to electronically serve it with a copy of the request for admissions, and as a consequence of such failure, no responses were due to Appellant. Wells Fargo adds because Appellant's request for admissions were not properly filed, the facts deemed admitted by its failure to respond were not properly before the trial court.

**{¶15}** Assuming, arguendo, Appellant electronically served Wells Fargo with a copy of the request for admissions and the admissions were deemed admitted due to Wells Fargo's failure to respond, we, nonetheless, find the trial court did not err in granting summary judgment to Wells Fargo.

**{¶16}** "In no sense does [Civil] Rule 36 supersede [Civil] Rule 56. The basic rules, to which we are already accustomed, determining when summary judgment lies, remain

controlling. Civil Rule 56 specifies the kind and method of support required to support summary judgment." *State Farm v. Valentine* (1971), 29 Ohio App.2d 174, 182, 279 N.E.2d 630.  Appellant was required to verify Appellee's alleged failure to respond to her discovery requests via affidavit if she intended to use the alleged admissions as evidence to refute Wells Fargo's motion for summary judgment. Wells Fargo's alleged failure to respond to her request for admissions was not a substitute for Appellant having to submit evidentiary material pursuant to Civ. R. 56 in support of memorandum contra.  See, *Zimmerman v.* Fischer (Oct. 14, 1987), Hamilton App. No. C-860624. Having failed to bring the admissions to the trial court's attention through an affidavit the trial court had no obligation to consider the purportedly unanswered request for admissions as evidence at the summary judgment stage.

**{¶17}** Furthermore, we find Wells Fargo had standing to bring the instant action. Appellant claims Wells Fargo did not have standing because it did not suffer any injury from Appellant's failure to make payments under the Note and Mortgage due to the securitization of the Note and, as well as PMI and FHA Housing and Urban Development insurance on the Note and Mortgage.  Neither securitization nor the availability of insurance can extinguish a borrower's obligations under a note and mortgage.  See, *Dauenhauer v. Bank of N.Y. Mellon* (6th Cir. 2014), 562 F. App. 473, 480; *Henkels v. JP Morgan Chase* (D. Ariz. June 14, 2011), No. CV-11-0299-HPH-JAT, 2011 WL 2357874.

**{¶18}** Appellant's first and second assignments of error are overruled.

{¶19} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur