[Cite as *Lakeview Loan Servicing, L.L.C. v. Adegunju*, 2025-Ohio-2019.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2025 CA 00003 |
| TOLULOPE ADEGUNJU | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Fairfield County Court of
Common Pleas, Case No. 2024 CV 00219

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 5, 2025

APPEARANCES:

For Plaintiff-Appellee

BENJAMIN D. CARNAHAN
North Point Tower
1001 Lakeside Avenue
Cleveland, OH 44114

For Defendant-Appellant

TOLULOPE ADEGUNJU  PRO SE
7141 Lester Drive
Canal Winchester, OH 43110

*Popham, J.,*

{¶1} Appellant appeals the January 8, 2025, judgment entries of the Fairfield County Court of Common Pleas granting appellee's motion to strike affidavit, motion for default judgment, motion for summary judgment, and entering a decree of foreclosure. For the reasons set forth below, we affirm.

*Facts & Procedural History*

{¶2} On August 31, 2020, appellant Tolulope Adegunju executed a promissory note in favor of DHI Mortgage Company, LTD ("DHI"), in the amount of $338,933. The note is endorsed in blank. Also on August 31, 2020, appellant and Racheal Adegunju ("Racheal") executed a mortgage that secured the note and encumbered the property located at 7141 Lester Drive in Canal Winchester. The mortgage provided the lender was DHI and listed Mortgage Electronic Registration Systems ("MERS") as mortgagee and nominee for the lender and the lender's successors and assigns. The mortgage was recorded on September 10, 2020. An "Assignment of Mortgage" was dated and recorded on February 13, 2024. In the document, MERS, as nominee for DHI, assigned the August 31, 2020, mortgage to appellee Lakeview Loan Servicing, LLC.

{¶3} Appellee filed a complaint for foreclosure on March 14, 2024, stating appellant was in default due to lack of payment. Appellee attached to its complaint a copy of the note, mortgage, and assignment of mortgage. The complaint alleged appellee was the holder of the note and mortgage, and the amount due and owing was $318,795.65, plus interest at the rate of 2.750% per annum from April 1, 2023, plus late charges and costs.

{¶4} Appellee attempted service on appellant via certified mail, ordinary mail, and process server. After those methods were unsuccessful, appellee filed an affidavit for service by publication on July 23, 2024. Proof of service of publication was filed on August 23, 2024, which states the last publication in the Lancaster Eagle-Gazette was on August 15, 2024.

{¶5} On September 3, 2024, appellant filed a motion for leave to file an answer instanter. The trial court granted the motion. Appellant's answer consisted of various documents, but did not deny any of the allegations in the complaint or raise any affirmative defenses.

{¶6} Appellee filed a motion for default judgment against Racheal and moved for summary judgment against appellant on November 18, 2024. Appellee submitted the affidavit of Linda Brown ("Brown"), assistant secretary for LoanCare, LLC, as servicer for appellee, in support of its motion for summary judgment.

{¶7} Appellant purported to file a memorandum in opposition to the motion for summary judgment on December 12, 2024, arguing: appellee failed to demonstrate it was entitled to enforce the note and mortgage; appellee monetized the note through securitization and sale; and the definition of "loan" in the mortgage is ambiguous. Rachael signed the memorandum in opposition, as "attorney in fact" for appellant. Similarly, a document purporting to be the affidavit of appellant was filed, with Racheal signing the document as "attorney in fact" for appellant. The document was not notarized. Also attached to the memorandum in opposition is a blank Fannie Mae "Request for Release/Return of Documents" form and a blank "Master Custodial Agreement" form.

{¶8}   Appellee filed a motion to strike appellant's affidavit because the affidavit was not notarized and because there was no evidence Racheal had a power of attorney for appellant.  Appellant filed a motion to strike the affidavit of Brown, alleging it was "procedurally and substantively deficient."

{¶9}   On January 8, 2025, the trial court issued a judgment entry "striking filings." First, the trial court denied appellant's motion to strike Brown's affidavit.  Second, the trial court granted appellee's motion to strike the affidavit of appellant because it was not notarized.  Finally, the trial court struck the memorandum in opposition to the motion for summary judgment to the extent it was filed on behalf of appellant because it was signed by Racheal, as "not being signed by an attorney representing [appellant] nor [appellant] himself [in violation of Civ.R. 11]." Trial Court Entry Striking Filings filed Jan. 8, 2025.

{¶10}   Also on January 8, 2025, the trial court granted appellee's motion for default judgment and summary judgment and entered a decree of foreclosure.

{¶11}   Appellant appeals the January 8, 2025, judgment entries of the Fairfield County Court of Common Pleas, and assigns the following as error:

{¶12}   "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST."

{¶13}   "II. THE TRIAL COURT ERRED IN STRIKING DEFENDANT'S AFFIDAVIT RATHER THAN ALLOWING LEAVE TO CURE A PROCEDURAL DEFICIENCY."

{¶14}   "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT DESPITE APPELLEE'S FAILURE TO ADEQUATELY ESTABLISH IT WAS A HOLDER IN DUE COURSE AND/OR ENTITLED TO ENFORCE THE NOTE AND MORTGAGE."

**{¶15}** "IV. THE TRIAL COURT ERRED IN OVERLOOKING APPELLEE'S ROLE AS A SERVICER OF GNMA-BACKED SECURITIES RATHER THAN AN ENTITY ENTITLED TO DIRECT ENFORCEMENT OF THE NOTE."

**{¶16}** "V. THE TRIAL COURT ERRED BY MISAPPLYING PROCEDURAL RULES IN A WAY THAT VIOLATED DUE PROCESS AND FUNDAMENTAL FAIRNESS."

**{¶17}** "VI. THE TRIAL COURT'S GRANT OF SUMMARY JUDGMENT CONTRADICTS OHIO'S EQUITY-BASED STANDING, AND POTENTIAL DOUBLE RECOVERY BEFORE GRANTING SUMMARY JUDGMENT."

II.

**{¶18}** For ease of discussion and because we apply a different standard of review to appellant's second assignment of error, we will address it first.

**{¶19}** This Court has consistently reviewed entries striking affidavits, including entries striking affidavits within the summary judgment pleading process, under an abuse of discretion standard. *Campagna-McGuffin v. Diva Gymnastics Academy, Inc.*, 2022-Ohio-3885 (5th Dist.); *Curtis v. Schmid*, 2008-Ohio-5239 (5th Dist.). In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶20}** The trial court granted appellee's motion to strike based upon the fact that the affidavit was not notarized and struck the memorandum in opposition because it was not signed by appellant. Rather, it was signed by Rachael purportedly as appellant's "attorney in fact."

{¶21} Pursuant to established Ohio law, we find the trial court did not commit error in striking the affidavit. "A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit," and is "void." *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 1238 (1992); *State, ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12 (1991); R.C. 2319.02; R.C. 2319.04. The Supreme Court of Ohio reaffirmed this holding in 2004, and stated when a written declaration is not made under oath before a proper officer, it should be stricken from the record. *Toledo Bar Assn. v. Neller*, 2004-Ohio-2895. It is undisputed that the affidavit was not sworn before anyone authorized to administer oaths. Thus, the trial court did not abuse its discretion in striking appellant's purported affidavit.

{¶22} We likewise find the trial court did not abuse its discretion in striking appellant's purported memorandum in opposition to the motion for summary judgment. The memorandum in opposition was signed by Racheal, stating she was "attorney in fact" for appellant. However, only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf. *Disciplinary Counsel v. Givens*, 2005-Ohio-4104; *Matter of G.T.*, 2022-Ohio-654 (5th Dist.) (cannot raise arguments on behalf of another person). Furthermore, "a general power of attorney does not grant authority to prepare and file papers in court on another person's behalf. Such legal representation can be undertaken only in compliance with applicable licensure requirements." *Ohio State Bar Assn. v. Heath*, 2009-Ohio-5958, ¶ 23.

{¶23} Finally, appellant argues the trial court failed to consider R.C. 1301.201(B)(34). However, this section is a definition section providing that the term

"right," "includes remedy." This section does not provide any independent source of rights for appellant, and does not support appellant's argument.

**{¶24}** Appellant's second assignment of error is overruled.

**{¶25}** The balance of appellant's assignments of error are based upon the trial court's granting of appellee's motion for summary judgment.

*Summary Judgment Standard*

**{¶26}** Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶27}** A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-

moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427 (1981). A court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301 (6th Dist. 1999).

{¶28} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 2000-Ohio-186.

I.

{¶29} In his first assignment of error, appellant argues the trial court committed error in granting summary judgment because genuine issues of material fact exist. Specifically, appellant contends: (1) appellee failed to demonstrate a clear chain of unbroken title; (2) there is a discrepancy in the mortgage; and (3) there are "material inconsistencies" in appellee's evidence.

{¶30} As to appellant's chain of title argument, as we state below in our analysis of Assignment of Error III, appellee is the holder of the note, which was endorsed in blank. Because of this blank endorsement, "defenses relating to chain of title are null and inapplicable, because it is immaterial how the person became the holder of the note." *HSBC Bank USA v. Brinson*, 2023-Ohio-1462, ¶ 19 (9th Dist.); *Bank of N.Y. Mellon v. Froimson*, 2013-Ohio-5574 (8th Dist.). Further, as we detail below, appellee has provided

evidence that it received the mortgage through an assignment prior to the filing of the foreclosure complaint.

{¶31} Appellant alleges there is a discrepancy in the stated purpose of the mortgage, i.e., whether it "secures repayment of the Note" or whether it "protects against possible losses," and thus, appellee does not clearly establish the nature of the obligation and the instruments do not state fixed and unconditional obligations as required by R.C. Chapter 1303. We disagree. The mortgage defines "loan" as "debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest." The note, which is referenced and incorporated into the mortgage, states the principal debt is $338,933, the interest rate is 2.750%, and late charges are 4% of overdue payment. The term of the loan is clearly defined by the mortgage and the note. The mortgage in this case clearly defines the purpose of the mortgage, as it provides, "this Security Instrument secures to the Lender: (i) the repayment of the Loan . . .".

{¶32} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality material establishing: (1) the plaintiff is the holder of the note and mortgage; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been satisfied; and (5) the amount of principal and interest due. *Wachovia Bank of Delaware, N.A. v. Jackson*, 2011-Ohio-3203 (5th Dist.). Here, appellee presented undisputed evidence that it is the holder of the note endorsed in blank, and that the mortgage was assigned to it prior to the filing of the complaint. Similarly, appellee presented undisputed evidence that appellant is in default, all conditions precedent have

been satisfied, and the amount of principal and interest due. Appellant presented no evidence to create a genuine issue of material fact as to any of these requirements. We find no "material inconsistences" in the documents and evidence presented by appellee.

**{¶33}** Appellant's first assignment of error is overruled.

III.

**{¶34}** In his third assignment of error, appellant contends the trial court committed error in granting summary judgment because appellee failed to adequately establish it is entitled to enforce the note and the mortgage. Specifically, appellant contends appellee failed to establish it was a holder in due course and failed to provide sufficient documentation to establish it possessed the note. We disagree.

**{¶35}** To have standing to pursue a foreclosure action, a plaintiff must "establish an interest in the note or mortgage at the time it filed suit." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 28. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Nationstar Mtge., L.L.C. v. Williams*, 2014-Ohio-4553 (5th Dist.). R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons: (1) the holder of the instrument; (2) a non-holder in possession of the instrument who has the rights of a holder; (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

**{¶36}** In this case, appellee attached to both the complaint and Brown's affidavit copies of the note and mortgage, and alleged it was the holder of the mortgage and note, which was endorsed in blank. Also attached to the complaint and Brown's affidavit is an

assignment of mortgage dated and recorded February 13, 2024, in which MERS, as nominee for DHI, assigned the August 31, 2020, mortgage to appellee. When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically endorsed. R.C. 1303.25(B). In addition, Brown specifically stated in her affidavit that appellee is in possession of the original note, endorsed in blank, and was in possession of the original note on the date the complaint was filed. Accordingly, appellee presented specific evidence to demonstrate it was the current holder of the note and mortgage when the complaint was filed. Appellant did not provide any Civil Rule 56 evidence to create a genuine issue of material fact that appellee was not the owner and holder of the note and mortgage at the time the complaint was filed.

{¶37} Further, even if appellee was not in possession of the note at the time the complaint was filed, the assignment of the mortgage is sufficient to transfer both the note and mortgage because the documents evince the parties' intent to keep the instruments together. In *Bank of New York v. Dobbs*, 2009-Ohio-4742 (5th Dist.), we held that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and the mortgage.

{¶38} This case is analogous to the *Dobbs* case as the record indicates the parties intended to transfer both the note and mortgage. The noted dated August 31, 2020, provides, "in return for a loan that I have received, I promise to pay U.S. $338,933.00 plus interest, to the order of the Lender." Further, the note states, "in addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed

("Security Instrument") dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note." The mortgage, dated August 31, 2020, provides, "[t]his Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."

{¶39} The note refers to the mortgage and the mortgage refers to the note. Thus, we find a clear intent by the parties to keep the note and mortgage together rather than transferring the mortgage alone. Since the mortgage assignment was recorded on February 13, 2024, prior to the filing of the complaint on March 14, 2024, the note was effectively transferred on that date.

{¶40} Accordingly, there are no genuine issues of material fact as to whether appellee is the real party in interest with standing to pursue this foreclosure action. Appellant's third assignment of error is overruled.

IV.

{¶41} In appellant's fourth assignment of error, he argues the trial court committed error in "overlooking appellee's role as a servicer of GNMA-backed securities rather than an entity entitled to direct enforcement of the note." Appellant contends appellee is impermissibly collecting payments on behalf of a securitized trust rather than enforcing a debt obligation, and is seeking double recovery. We disagree.

{¶42} "Securitization is the process in which certain types of assets are pooled so they can be repackaged into interest-bearing securities. The interest and principal payments from the assets are passed through to the purchasers of the securities." *Wells*

*Fargo Bank, N.A. v. Johnson*, 2016-Ohio-1114, ¶ 11 (6th Dist.). Appellant cites no authority for the proposition that a loan becomes unenforceable because it was securitized.

{¶43} This Court has specifically held, "neither securitization nor the availability of insurance can extinguish a borrower's obligations under a note and mortgage." *Wells Fargo Bank, N.A. v. Roehrenbeck*, 2016-Ohio-1273, ¶ 17 (5th Dist.); *see also Dauenhauer v. Bank of New York Mellon*, 562 Fed.Appx. 473 (6th Cir. 2014) (securitization does not "absolve [a] plaintiff from having to make payments on his loan or somehow shield plaintiff's property from foreclosure"). Accordingly, appellant's fourth assignment of error is overruled.

V.

{¶44} In his fifth assignment of error, appellant argues the trial court "misapplied procedural rules in a way that violated due process and fundamental fairness." In this assignment of error, appellant briefly asserts that disputed issues exist regarding standing, ownership, and contract enforceability. Based on our analysis in the previous assignments of error, we find appellant's arguments unpersuasive and insufficient to create a genuine issue of material fact.

{¶45} The bulk of appellant's argument in this assignment of error is concentrated on appellant's assertion that the trial court improperly relied on Brown's affidavit. Specifically, appellant argues that Brown's affidavit failed to satisfy the requirement of Civil Rule 56(E) that affidavits must be made on personal knowledge, because it does not identify the scope of her job duties or explain how she is familiar with the loan at issue. We disagree.

**{¶46}** Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *Citimortgage, Inc. v. Cathcart*, 2014-Ohio-620 (5th Dist.). It is not a requirement that the witness has firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance, and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.* at ¶ 28.

**{¶47}** Affidavits which merely set forth conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civil Rule 56(E). *Nationstar Mtge., L.L.C. v. Williams*, 2014-Ohio-4553 (5th Dist.). However, Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. *Id.* The assertion of personal knowledge in an affidavit satisfies Civil Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*

**{¶48}** In her affidavit, Brown stated as follows: she is an Assistant Secretary of LoanCare, LLC, the servicer for appellee; she has personal knowledge of the facts and matters based upon her review of the business records; in the regular performance of her job functions, she is familiar with and has access to business records maintained by LoanCare, LLC, the servicer for appellee, for the purpose of servicing mortgage loans;

the records are made or received and retained at or near the time by or from information provided by persons with knowledge of the activity and transactions reflected in such records, and are made and kept in the usual and ordinary course of business activity regularly conducted by LoanCare, LLC, the servicer for appellee; she personally examined the business records relating to the account referred to in the affidavit, including how and when it obtained possession of the executed loan documents; and appellee is in possession of the original note, which was endorsed in blank, and was in possession of the original note on the date the complaint was filed.

{¶49} Brown's affidavit provides details of the note, mortgage, and mortgage assignment. Brown averred there has been a default in payment under the terms of the note and mortgage, appellee exercised the acceleration option contained in the note and mortgage, and all of the lender's conditions precedent for the enforcement of the promissory note and mortgage were fulfilled. Further, Brown averred there is due and owing the amount of $318,795.65, plus interest at the rate of 2.750% per annum from April 1, 2023, plus court costs, advances, and other charges. Brown attached the note, mortgage, assignment of mortgage, loan payment history, and notice of default to her affidavit and stated these were all true and accurate copies of the business records.

{¶50} From her position as assistant secretary for LoanCare, LLC, the servicer for appellee, and her statement that she personally reviewed the documents in the instant case, it may be reasonably inferred that Brown has personal knowledge to qualify the documents as an exception to the hearsay rule as business documents. *Id.* The affidavit is properly admissible Civil Rule 56 evidence and appellant, in failing to respond to appellee's motion for summary judgment due to his response being stricken, did not

submit any Civil Rule 56 evidence to contradict the affidavit, and thus failed to establish any genuine issue of material fact.

{¶51} The trial court did not commit error in granting summary judgment based on Brown's affidavit. Appellant's fifth assignment of error is overruled.

VI.

{¶52} In his final assignment of error, appellant argues the trial court's grant of summary judgment contradicts "Ohio's equity-based standing." Appellant again repeats his argument that appellee is receiving "double recovery." We disagree.

{¶53} Because appellant's memorandum in opposition to the motion for summary judgment was stricken, he puts forth no Civil Rule 56(C) evidence to demonstrate any type of double recovery or inequity. Even if we were to consider the memorandum submitted by appellant, none of the information submitted by him demonstrates any type of double recovery or inequity. Appellant's sixth assignment of error is overruled.

{¶54} Based on the foregoing, appellant's assignments of error are overruled.

{¶55} The January 8, 2025, judgment entries of the Fairfield County Court of Common Pleas are affirmed.

By Popham, J.,

Baldwin, P.J., and

Hoffman, J., concur