[Cite as *Patrick v. Ellman*, 2020-Ohio-3312.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

CONNIE PATRICK, TREASURER OF     :
BROWN COUNTY, OHIO,

                              :       CASE NO. CA2019-07-010

      Appellee,

                              :       O P I N I O N
                                          6/15/2020

     - vs -                     :

                              :

WANDA ELLMAN, DECEASED, et al.,

                              :

      Appellants.

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2018-0635

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for appellee

Blankenship Massey & Associates, Randy J. Blankenship, 504 Erlanger Road, Erlanger, Kentucky, Ohio 41018, for appellants

**S. POWELL, J.**

{¶ 1} Appellants, Janice and Julie Ellman, the heirs of Wanda Ellman, and Julie Ellman, as executor for the Estate of Wanda Ellman (collectively, the "Ellman sisters"), appeal the decision of the Brown County Court of Common Pleas denying their motion to intervene in this tax foreclosure action initiated by appellee, Connie Patrick, Treasurer of Brown County, Ohio ("Brown County Treasurer"). For the reasons outlined below, we

reverse and remand to the trial court for further proceedings.

{¶ 2} On August 18, 2015, Wanda Ellman passed away. At the time of her death, the record indicates Wanda lived at 5650 Folchi Road, Cincinnati, Hamilton County, Ohio and owned property located at 11725 Stratton Road, Hamersville, Brown County, Ohio. There is no dispute that the real estate taxes for the Hamersville property had been certified as delinquent in 2010 having an unpaid balance of $7,682.39. Because the real estate taxes remained unpaid for over eight years, including three years after Wanda's death, the Brown County Treasurer filed a tax foreclosure complaint with the trial court on August 21, 2018. The complaint named Wanda as a defendant, as well as Wanda's unknown heirs, devises, legatees, administrators, executors, spouses, successors, assigns, creditors, and guardians, if any. No estate had been opened for Wanda in Brown County, or anywhere else, at the time the Brown County Treasurer filed its complaint.

{¶ 3} On August 27, 2018, the Brown County Treasurer filed an affidavit and request for service of its complaint by publication. The Brown County Treasurer averred that service by publication was necessary because the names and residences of Wanda's heirs, if any, "are unknown and cannot with reasonable diligence be ascertained." The trial court granted the Brown County Treasurer's request for service by publication later that day. The Brown County Treasurer's complaint was then published in the local newspaper, the Brown County Press, on September 9, 16, and 23, 2018.

{¶ 4} On November 6, 2018, the Brown County Treasurer moved for default judgment against Wanda's unknown heirs. Approximately three weeks later, on November 29, 2018, the trial court issued a judgment entry and decree of foreclosure that granted default judgment to the Brown County Treasurer. As part of this entry, the trial court specifically stated that it had found "service on the Defendants is in all respects proper under the law and the Court adopts it as good service in this case."

- 2 -

{¶ 5}   On December 7, 2018, the Ellman sisters opened an estate for Wanda in the Hamilton County Probate Court under Case No. 2018004863.  Approximately three months later, on February 25, 2019, the Hamersville property was sold at a sheriff's sale for $24,000.  Shortly thereafter, on March 7, 2019, the trial court issued an order confirming the sale of the Hamersville property, directed a deed for the property be prepared for the buyers, and ordered the proceeds from the sale be distributed.  The proceeds were then distributed as instructed by the trial court.  This included a $14,506.14 check made out to Wanda's unknown heirs.

{¶ 6}   On March 25, 2019, the Ellman sisters went to the Brown County Recorder's Office to record the certificate of transfer they had received from the Hamilton County Probate Court as part of Wanda's estate.  However, instead of recording the certificate of transfer, the Ellman sisters learned that the Hamersville property had been sold at the sheriff's sale conducted on February 25, 2019.[1]

{¶ 7}   On April 12, 2019, the Ellman sisters filed a motion to intervene and vacate the default judgment levied against them.  The Ellman sisters' motion was brought pursuant to Civ.R. 24 and Civ.R. 60.  In support of their motion, the Ellman sisters claimed that there was a lack of service of process since "no effort was made to serve notice on Julie Ellman or her sister, despite having Julie and Janice Ellman's address the entire time."

{¶ 8}   On June 27, 2019, the trial court issued a decision overruling the Ellman sisters' motion in its entirety.  In so holding, the trial court noted that the Ellman sisters' motion "was only a Motion to Intervene and contained no proposed answer or other pleading as required by Civil Rule 24(C)."  The trial court also noted that the Ellman sisters'

---

1. The Ellman sisters claim they learned the Hamersville property had been sold after "a prosecutor reached out" to their attorney on March 25, 2019 to inform them of the sale.  For ease of discussion, this court will use that date as the date the Ellman sisters attempted to record the certificate of transfer with the Brown County Recorder's Office.

motion was untimely when considering the Brown County Treasurer had "complied with the statutory and civil rules concerning service by publication" and that "the heirs of the Ellman Estate had several years to take care of the tax issues with respect to the property in question and ignored their responsibilities. They are not to be rewarded for failing to act."

{¶ 9} The Ellman sisters now appeal the trial court's decision, raising the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN GRANTING DEFAULT JUDGMENT AGAINST THEM WHEN THEY WERE NOT PROPERLY SERVED WITH THE SUMMONS AND COMPLAINT.

{¶ 11} In their single assignment of error, the Ellman sisters argue that the trial court erred by denying their motion to intervene and vacate the default judgment levied against them. However, although the motion was captioned as a motion to intervene and vacate default judgment, the true purpose of the Ellman sisters' motion was to enter an appearance and challenge the trial court's decision finding "service on the Defendants [was] in all respects proper under the law and the Court adopts it as good service in this case."

{¶ 12} Because the Ellman sisters were already a named party in the Brown County Treasurer's complaint, i.e., Wanda's "unknown heirs," the Ellman sisters did not need to file a Civ.R. 24 motion to intervene before they could enter an appearance and challenge the trial court's decision finding service by publication on them was proper. This is because a Civ.R. 24 motion to intervene is only necessary for a *nonparty* who is attempting to intervene in an action. *See Citizens Bank, N.A. v. David*, 8th Dist. Cuyahoga No. 106575, 2018-Ohio-3676, ¶ 7-9; *see also Whitehall v. Olander*, 10th Dist. No. 14AP-6, 2014-Ohio-4066, ¶ 27 ("Civ.R. 24 allows a non-party to file a motion to intervene and contains specific requirements for such a motion"); 1970 Staff Note, Civ.R. 24 ("Intervention under Rule 24 'rounds out' joinder of parties theories of the rules of procedure. Thus, a potential party who

- 4 -

is not a party to the action may, under certain circumstances and by his own initiative, intervene in the action as a party").

{¶ 13} Because the Brown County Treasurer sought to serve them by publication, the Brown County Treasurer clearly considered the Ellman sisters, i.e., Wanda's "unknown heirs," to be parties to the litigation pursuant to R.C. 2703.24. By its terms, R.C. 2703.24 recognizes the "party" status of persons whose names and residences are unknown and are served with the summons and complaint by publication. Indeed, service of process upon nonparties is unnecessary. Therefore, because they were already a named party in the Brown County Treasurer's complaint, the Ellman sisters were entitled to appear, answer, and defend against the allegations without the need to seek intervention under Civ.R. 24. Accordingly, the question that needs to be answered, but which was not fully litigated below, was wether the Brown County Treasurer had actually "complied with the statutory and civil rules concerning service by publication" as the trial court found when overruling the Ellman sisters' motion to intervene and vacate the default judgment.

{¶ 14} In so holding, we note that the Brown County Treasurer emphasizes the different formalities required for service by publication pursuant to Civ.R. 4.4 with those required by R.C. 2703.24. For example, the Brown County Treasurer notes that Civ.R. 4.4 applies where a known party's residence is unknown, whereas R.C. 2703.24 applies where neither the party nor the party's residence are known. Civ.R. 4.4. requires that the affidavit for service by publication include averments detailing the diligent efforts undertaken by the party requesting service to discover the residence of the party to be served. R.C. 2703.24 does not require the affidavit to include averments of the diligent efforts undertaken to discover the party's name and residence. The Brown County Treasurer asserts that this case is controlled by R.C. 2703.24 because the names of Wanda's unknown heirs were not known.

{¶ 15} However, compliance with the formalities of R.C. 2703.24 does not necessarily conform with constitutional due process.  An affidavit's bare averment that a party's name and residence are unknown does not relieve the party requesting service of its responsibility to demonstrate due diligence to discover the party's name and residence, if challenged.  To hold otherwise would encourage deliberate ignorance of a party's identity to permit service by publication and offend the principles of procedural due process.  "'The fundamental requisite of due process of law is the opportunity to be heard.'  *Grannis v. Ordean*, 234 U.S. 385, 394 [1914].  This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950).

{¶ 16} Applying *Mullane*, the United States Supreme Court subsequently observed that:

> Measured by the principles stated in the *Mullane* case, we think that the notice by publication here falls short of the requirements of due process.  It is common knowledge that mere newspaper publication rarely informs a landowner of proceedings against his property.  In *Mullane* we pointed out many of the infirmities of such notice and emphasized the advantage of some kind of personal notice to interested parties.

*Walker v. City of Hutchinson*, 352 U.S. 112, 116, 77 S.Ct. 200 (1956).

{¶ 17} Also applying *Mullane*, the Ohio Supreme Court thereafter observed:

> Publication does play a legitimate, and necessary, role in our system of justice, however, when used as a substitute in cases where it is not reasonably possible or practicable to give more adequate warning.  The corollary to the above, and the general rule which emerges from *Mullane*, is that notice by publication is not adequate with respect to a person whose name and address are known or easily ascertainable and whose legally protected interests are directly affected by the proceedings in question.

*In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 336-337 (1980), citing

*Mullane* at 317.

{¶ 18} These cases demonstrate that service by publication may be utilized as a last resort in circumstances where no other method of service is likely to provide actual notice of pending litigation. So, where the identity and residence of a party are discoverable through reasonable diligence, service of process by means of publication violates procedural due process. It is the party requesting service who must demonstrate that service by publication is proper. A conclusory averment in an affidavit that a party's name and residence cannot be ascertained is inadequate to rebut a challenge to the propriety of service by publication. *Sizemore v. Smith*, 6 Ohio St.3d 330, 332 (1983); *In re* Goldberg, 12th Dist. Warren Nos. CA2001-04-026 and CA2001-05-047, 2001 Ohio App. LEXIS 4141, *8 (Sept. 17, 2001).

{¶ 19} Similar to R.C. 2703.24, a former version of Civ. R. 4.4 did not require an averment of the efforts undertaken to ascertain the residence of the party to be served. Nevertheless, cases construing the now former Civ.R. 4.4 establish that the absence of this language does not relieve a party requesting service by publication of its responsibility to exercise diligence to discover the residence of the party to be served. For instance, in *Sizemore*, the Ohio Supreme Court ruled that "a bare allegation in an affidavit is not conclusive on the subject" of whether reasonable diligence has been exercised to discover a party's residence:

> From the plain and unambiguous language of Civ. R. 4.4(A) it is axiomatic that a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication. If the defendant cannot be located, plaintiff or his counsel may file an affidavit with the court. The required contents of the affidavit are amply set forth in Civ. R. 4.4(A): that defendant's residence is unknown and that it cannot be discovered with reasonable diligence. Such an averment in the affidavit gives rise to a rebuttable presumption that reasonable diligence was exercised. This court notes that, although there exists some measure of confusion on the point, * * * facts

demonstrating the diligence used to ascertain the address of the defendant are not required to be set forth in the affidavit itself. However, *a bare allegation in an affidavit is not conclusive on the subject. Plaintiff, when challenged, must support the fact that he or she used reasonable diligence.*

(Emphasis added.)  *Id.*, 6 Ohio St.3d at 331-332.

{¶ 20} Construing the same version of Civ.R. 4.4 as it had in *Sizemore*, the Ohio Supreme Court later held that:

In order to use service by publication, a plaintiff must first use reasonable diligence in his attempt to locate a defendant. Appellee's counsel asked other parties to this action and one attorney about the whereabouts of appellant.  The record discloses no other actions taken by appellee. This minimal effort cannot be said to be reasonable diligence, and therefore service by publication was not proper.

*First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 318 (1984), citing *Sizemore*; and *Brooks v. Rollins*, 9 Ohio St. 3d 8 (1984).

{¶ 21} The Brown County Treasurer does not argue that R.C. 2703.24 relieves her of the responsibility of exercising diligence to discover the names and residences of Wanda's "unknown heirs."  The Brown County Treasurer instead states that:

Because this case could be disposed of on the motion to intervene, [the Treasurer] only addressed the motion to intervene in the trial court.  *It was [the Brown County Treasurer's] intention to address the merits of the motion to vacate the default judgment, including providing the steps taken to ascertain the identity of any potential heirs of Wanda Ellman, only if the Appellants were successful in the motion to intervene. As the trial court denied the Appellants' motion to intervene, no further evidence was presented as to the efforts undertaken to ascertain the unknown heirs' names and/or addresses.*

(Emphasis added.)

{¶ 22} As noted above, the record reflects that the Brown County Treasurer was aware that Wanda last resided at 5650 Folchi Road, Cincinnati, Hamilton County, Ohio, owned the Hamersville property, and may have heirs, such as children, and that Wanda's

estate was not filed at the time service was requested. However, by the Brown County Treasurer's own admission, the record does not reflect the efforts she undertook to identify Wanda's unknown heirs and ascertain their addresses. That is to say, the Brown County Treasurer's affidavit and request for service of its complaint by publication did not include an averment of the efforts she undertook to identify Wanda's unknown heirs and ascertain their addresses; the memorandum opposing the vacation of the default judgment did not include assertions concerning such efforts or evidentiary materials relating to such efforts; and there was no hearing upon the Ellman sisters' motion to vacate the default judgment at which the efforts the Brown County Treasurer undertook to identify Wanda's unknown heirs could have been offered.

{¶ 23} The Brown County Treasurer's brief merely asserts that it had sought to identify Wanda's unknown heirs by "searching the probate court" and "the internet for an obituary." This assertion is not supported by the record. Nowhere in the record is there evidence of the efforts undertaken to identify Wanda's unknown heirs as a prerequisite to serving them with the summons and complaint by publication. Therefore, given this lack of evidence, the trial court's decision finding the Brown County Treasurer "complied with the statutory and civil rules concerning service by publication" is not supported by the record. The trial court abused its discretion in so finding. *See Khatib v. Peters*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144; *Nationstar Mtge., L.L.C. v. Williams*, 5th Dist. Delaware No. 14 CAE 04 0029, 2014-Ohio-4553.

{¶ 24} Due to the deficiency of service by publication to provide actual notice of pending litigation, due process demands that a party requesting service demonstrate the exercise of diligence in discovering the name and residence of a party to be served as a necessary predicate to service by publication. Absent the exercise of such diligence, service by publication is not proper. Despite the lack of language in R.C. 2703.24 that the

affidavit includes an averment of the efforts undertaken to discover a party's name and residence, *Sizemore*, *First Bank of Marietta*, and *Goldberg* make clear that the serving party retains the burden of demonstrating proper service of process. The record does not establish the Brown County Treasurer's diligence in this regard.

{¶ 25} Based upon the foregoing, this matter must be reversed and remanded to the trial court to conduct a hearing to determine if the Brown County Treasurer exercised reasonable diligence in identifying Wanda's unknown heirs and ascertaining their residences. Therefore, to the extent outlined above, the Ellman's sisters' single assignment of error is sustained and this matter is reversed and remanded to the trial court for further proceedings.

{¶ 26} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.