[Cite as *Reid v. Williams*, 2024-Ohio-3332.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

WORRELL A. REID, ADMINISTRATOR
OF THE ESTATE
OF RANDALL ED LUCAS, DECEASED

    Appellant

v.

KIERAN WILLIAMS, ET AL.

    Appellees

:
:
:    C.A. No. 29971
:
:    Trial Court Case No. 2022 MSC 00239
:
:    (Appeal from Common Pleas Court-
:    Probate Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on August 30, 2024

. . . . . . . . . . .

WORRELL A. REID, Attorney for Appellant

KIERAN WILLIAMS, Pro Se Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Worrell A. Reid, Administrator of the Estate of Randall Ed Lucas, appeals from a final judgment of the Montgomery County Probate Court. According to

Reid, the probate court erred in refusing to grant a motion for default judgment against Lucas's unknown heirs, who had been served by publication for six consecutive weeks pursuant to R.C. 2703.24. For the reasons that follow, we will reverse the judgment of the probate court in part and remand the matter for the probate court to enter a default judgment against the unknown heirs of Randall Ed Lucas. In all other respects, the judgment of the probate court will be affirmed.

I.      Facts and Course of Proceedings

{¶ 2} Lucas died on December 16, 2021. His estate was opened in the Montgomery County Probate Court in March 2022 in Case No. 2022 EST 464. Worrell A. Reid was appointed as the administrator of the estate. On June 28, 2022, Reid filed a complaint in Case No. 2022 MSC 239 to determine heirship. In the complaint, Reid named several defendants, including the unknown and unborn heirs at law, distributees, and next of kin of Lucas. Reid requested that the probate court determine the lawful heirs of Lucas and issue an order "declaring the same, along with a determination of their respective interest." Reid also filed an affidavit for service by publication, stating that "the unknown heirs, distributes, legatees, executors, administrators, spouses, and assigns, and the unknown guardians of minor and/or incompetent heirs" of Lucas, if any, "are unknown and cannot with reasonable diligence be ascertained."

{¶ 3} On June 30, 2022, the probate court issued an order for service by publication. According to the order, the defendants were "required to answer within twenty-eight (28) days after last publication, which shall be published once a week for six

(6) consecutive weeks, or they might be denied a hearing in this case." Proof of publication for six consecutive weeks was filed on February 15, 2023, with the last publication date being December 16, 2022.

{¶ 4} On February 22, 2023, Reid filed a motion for default judgment against the "unknown heirs, devisees, legatees, executors, administrators, spouses, and the unknown guardian of minor and/or incompetent heirs of Lucas." The probate court denied the motion on February 28, 2023. According to the probate court, "it is the policy of this Court that default judgment will not be granted against an unidentified party. If this policy remains unreviewed by the Second District Court of Appeals, it will remain the policy of the Court." Decision (Feb. 28, 2023), p. 3. The court relied on *Fifth Third Mtge. Co. v. Green*, Union C.P. No. 2016-CV-0038, 2016 Ohio Misc. LEXIS 2860 (July 11, 2016), which the probate court stated "makes it clear that granting default against an unnamed defendant who has not been personally served with a copy of the Complaint and summons is inappropriate." Decision (Feb. 28, 2023), p. 2. The probate court also cited *Queen v. Hanna*, 2012-Ohio-6291 (4th Dist.), for the proposition that it is necessary to hold a hearing to determine the validity of the claims against the unknown heirs before granting judgment against them. The court then concluded that:

> The proper procedure, then, is to hold a hearing where Plaintiff will have the opportunity to present evidence regarding the efforts he has made to identify all of the heirs of the decedent Randall Lucas. If, at the conclusion of such a hearing, Plaintiff has convinced the Court that no heirs other than those identified by name exist, the Court will issue a decision to

that effect.

Decision (Feb. 28, 2023), p. 3.

{¶ 5} Reid filed a notice of appeal from the denial of his motion for default judgment. We issued an order to show cause relating to whether the probate court's February 28, 2023 decision was a final order. On March 31, 2023, we concluded that the decision was not a final order under R.C. 2505.02(B)(2) and dismissed the appeal.

{¶ 6} On June 14, 2023, Reid filed a renewed motion for default judgment against the unknown heirs. Reid cited additional authority in his renewed motion and argued that, without allowing service by publication on the unknown heirs, "it would be nearly impossible to adjudicate foreclosure, partition, and other actions, where the name, age, and address of defendants may be unknown." The probate court once again denied the motion and scheduled a July 26, 2023 non-oral hearing date. The parties were ordered to submit by that date any evidence relating to "which parties are and are not the heirs at law of Decedent Randall Lucas pursuant to R.C. 2105.06."

{¶ 7} The probate court subsequently set a non-oral hearing for October 16, 2023, on Reid's complaint to determine heirship. The court ordered Reid to file supporting documentation and a proposed order determining heirship at least five days prior to the hearing. The court also stated that any party could file objections to Reid's proposed heirship findings and submit its own proposed order determining heirship. In response to the probate court's order, Reid submitted the affidavit of Keith Lucas, the older brother of the decedent. The affidavit identified 13 known heirs: eight daughters and five sons.

{¶ 8} On October 17, 2023, the probate court issued an entry determining heirship.

The probate court found that there were 13 known heirs to whom the estate assets would be distributed in equal shares. The court found that service had "been completed, and or waived, on all defendants, including on unknown heirs. However, it is the policy of this Court that unknown heirs, devisees, and legatees not be held in default." Reid filed a timely notice of appeal from the October 17, 2023 entry.

II. The Trial Court Abused Its Discretion by Not Granting a Default Judgment Against the Unknown Heirs

{¶ 9} Reid's sole assignment of error states:

The trial court's failure to grant a default judgment against unknown heirs, devisees, legatees, and other unknown persons, in a proceeding where service by publication was authorized by law, including in a petition to determine heirship, was contrary to law.

{¶ 10} Reid contends that certain rules and laws "were promulgated based on the premise that the names, identities, and addresses of necessary parties to various proceedings, including petitions to determine heirship, quiet title actions, foreclosures, and even will contests, may not be known. In these cases, it is proper to serve these individuals by publication, and to hold them in default." Appellant's Brief, p. iv. According to Reid, R.C. 2703.24 allows notice by publication and, "[i]n this manner, the known heirs, devisees and legatees could have their rights declared and assets distributed, without having to worry about unknown individuals asserting claims after the proceeding in question has been adjudicated and closed." Appellant's Brief, p. iv.

{¶ 11} "A trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard." (Citation omitted.) *Lacy v. State*, 2020-Ohio-3089, ¶ 83 (11th Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985).

{¶ 12} In its February 28, 2023 decision denying Reid's motion for default judgment, the trial court explained that "it is the policy of this Court that default judgment will not be granted against an unidentified party. If this policy remains unreviewed by the Second District Court of Appeals, it will remain the policy of the Court." Decision, p. 3. In reaching this conclusion, the probate court cited *Green*, 2016 Ohio Misc. LEXIS 2860, and *Hanna*, 2012-Ohio-6291 (4th Dist.). According to the probate court, *Green* "makes it clear that granting default against an unnamed defendant who has not been personally served with a copy of the Complaint and summons is inappropriate." Decision (Feb. 28, 2023), p. 2.

{¶ 13} Based on our review of the record and the applicable law, we conclude that the trial court abused its discretion by denying Reid's motion for default judgment. R.C. 2703.24 provides: "When it appears by affidavit that the name and residence of a necessary party are unknown to the plaintiff, proceedings against him may be had without naming him; and the court shall make an order respecting the publication of notice, but the order shall require not less than six weeks' publication." The Ohio Supreme Court has stated that R.C. 2703.24 authorizes "the usual procedure of obtaining service by

publication on the decedent's 'unknown heirs.' " *Fletcher v. First Natl. Bank of Zanesville*, 167 Ohio St. 211, 214 (1958).   "By its terms, R.C. 2703.24 recognizes the 'party' status of persons whose names and residences are unknown and are served with the summons and complaint by publication."   *Patrick v. Ellman*, 2020-Ohio-3312, ¶ 13 (12th Dist.).   Further, Civ.R. 55(A) provides, in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor."

{¶ 14} Reid filed an affidavit with the probate court requesting notice by publication on Lucas's unknown heirs.   The trial court granted the motion for notice by publication.   Reed then filed proof with the trial court that notice had been published for six consecutive weeks.   At that point, service of process was considered complete with regard to the unknown heirs.   As such, the action had commenced against the unknown heirs, and they were parties to the proceedings.   Therefore, when the unknown heirs failed to file an answer to the complaint within the time provided by the Rules of Civil Procedure, a default judgment was proper under Civ.R. 55.   The trial court's failure to grant a default judgment based on its internal policy was an abuse of discretion.

{¶ 15} The trial court's reliance on the *Green* case is unpersuasive.   *Green* does not preclude the relief that Reid requested in this action.   Rather, *Green* actually counseled to do what Reid did in this case.   It involved a foreclosure case in which the plaintiff had moved for a default judgment against "John Doe, unknown spouse of Kelly Green."   In *Green*, the trial court explained that it could not grant a default judgment

because the unknown spouse had not "been properly served and first given the opportunity to plead or otherwise defend." However, the *Green* court then noted that the plaintiff could use R.C. 2703.24 and request notice by publication for six successive weeks in order to satisfy the service requirement. That is what Reid did here.

{¶ 16} The probate court also cited *Hanna*, 2012-Ohio-6291 (4th Dist.), in support of its decision to deny Reid's motion for default judgment. But *Hanna* does not support the probate court's decision. In *Hanna*, the unknown heirs were served by publication and did not file an answer to the amended complaint. The trial court granted the Hannas a default judgment against the unknown heirs on the issue of fee simple ownership of a private road. *Hanna* at ¶ 1. But the trial court heard evidence on the issue of fee simple ownership, and this evidence showed that the unknown heirs owned the road, not the Hannas. *Id.* at ¶ 2. Therefore, the Fourth District Court of Appeals held that, "[b]ecause the trial court's decision to enter a default judgment against the unknown heirs contradicted the evidence, the decision was unreasonable and arbitrary and thus constituted an abuse of discretion." *Id.* at ¶ 32. In short, *Hanna* did not hold that a trial court could not grant a default judgment against unknown heirs who had been served by publication. Rather, it concluded that a trial court could not grant the relief requested in a motion for default judgment where the trial court had clear evidence before it that was contrary to the relief requested in the motion for default judgment.

{¶ 17} Here, the probate court did not have clear evidence before it that was contrary to the relief requested in the motion for default judgment. Rather, the probate court found "that service has been completed, and or waived, on all defendants, including

on unknown heirs. However, it is the policy of this Court that unknown heirs, devisees, and legatees not be held in default." The probate court's policy does not override the plain language of Civ.R. 55 and R.C. 2703.24. *See Reynolds v. Ross Cty. Children's Serv. Agency*, 1979 WL 206768, * 2 (4th Dist. Jan. 17, 1979) (noting that R.C. 2703.24 "has not been repealed by the General Assembly, nor has it been superseded by adoption of the Ohio Rules of Civil Procedure").

{¶ 18} The assignment of error is sustained.

III. Conclusion

{¶ 19} Having sustained the sole assignment of error, the judgment of the probate court will be reversed to the extent that it failed to grant Reid's motion for a default judgment. The matter will be remanded for the probate court to issue a default judgment against the unknown heirs of Randall Lucas. In all other respects, the judgment of the probate court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.