[Cite as *McManus v. Ingram*, 2025-Ohio-4393.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOHN MCMANUS, AS TREASURER OF MONTGOMERY COUNTY, OHIO | : : : : | C.A. No. 30416 |
| | : | Trial Court Case No. 2024 CV 06038 |
| Appellees | : : | (Civil Appeal from Common Pleas Court) |
| v. | : : | |
| DIAMOND INGRAM, ET AL. | : : | **FINAL JUDGMENT ENTRY & OPINION** |
| Appellant | | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 19, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30416

DIAMOND INGRAM, Pro Se Appellant
MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Diamond Ingram appeals pro se from a default judgment entered in favor of the Montgomery County Treasurer in a foreclosure action for delinquent real estate taxes. For the reasons that follow, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} On November 26, 2024, the Montgomery County Treasurer filed a complaint for foreclosure of delinquent real estate taxes against Ingram pursuant to R.C. 5721.18. The complaint alleged that the taxes against the property listed as Parcel No. R7206005 0012 had been certified delinquent in 2018 and had remained unpaid for at least one year. According to the complaint, the Montgomery County Auditor had included the property on a master list of delinquent tracts, and the amount of taxes, assessments, charges, and penalties, including installments that were due and unpaid, totaled $7,297.92 and represented the best and first lien against the property. According to the complaint, the Auditor had determined that the fair market value of the property was $29,710.00, that Ingram may claim to have an interest in the property by means of a quit claim deed recorded on November 10, 2020, and that the unknown spouse or unknown tenant(s) of Ingram may also have or claim an interest in the property. Documentation of Ingram's ownership interest in the property and the current taxes due was attached to the complaint. Ingram's mailing address was listed as being on North Nelson Road in Columbus, Ohio.

{¶ 3} On November 26, 2024, the Treasurer filed a preliminary judicial report. On the

same day, the clerk issued service of the summons and complaint for foreclosure via certified mail to Diamond Ingram and her unknown spouse at the North Nelson Road address. Service was successful at the North Nelson Road address on November 27, 2024. The return of service included a signature and the printed name of the person who accepted service, and a box for "Agent" was checked. On December 30, 2024, the Treasurer filed a notice of service via certified mail, representing to the court that the Treasurer had verified with the United States Postal Service that service via certified mail was completed on November 27, 2024, to Diamond Ingram and/or her unknown spouse.

{¶ 4} On February 19, 2025, the Treasurer filed a motion for default judgment against Ingram and any unknown spouse pursuant to Civ.R. 55; the motion asserted that Ingram and her unknown spouse had been properly served and failed to answer. A final judicial report was also filed. On March 4, 2025, the court issued a default judgment and decree of foreclosure, the order at issue in this appeal. The court found that the Treasurer had the best and first lien on the property in the amount of $10,965.11 in taxes, assessments, penalties, interest and charges, and court costs. The court issued an order of sale to the Montgomery County Sheriff for not less than $10,965.11.

## Assignments of Error and Analysis

{¶ 5} Ingram asserts four assignments of error in her pro se brief. We will consider her arguments together. She claims that the foreclosure complaint was left in her mailbox while she was out of town, contrary to Civ.R. 4.1(A), and that the default judgment must be vacated due to improper service. According to Ingram, the trial court denied her right to due process by failing to ensure that she had received proper service. She also asserts that she bought the property with an existing tax debt that had remained unpaid for years, and then the county acted unreasonably and arbitrarily in swiftly pursuing foreclosure.

Finally, Ingram claims that, "[g]iven the circumstances of improper service and the equity available in the property," she should have received an extension until July 31, 2025, to sell the property and satisfy the tax debt, citing App. R. 14(C).

{¶ 6} Pursuant to R.C. 5721.18(A), tax foreclosure proceedings such as this one must be instituted and prosecuted in the same manner as mortgage foreclosures. Civ.R. 4.1 governs process and methods of service in Ohio courts, and Civ.R. 4.1(A)(1)(a) governs service by United States certified or express mail. It provides:

> . . . Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶ 7} "Service of process must be reasonably calculated to notify interested parties of the pendency of an action and afford them an opportunity to respond." *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997), citing *In re Foreclosure of Liens*, 62 Ohio St.2d 333 (1980), paragraph one of the syllabus, citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950). "The plaintiff bears the burden of ensuring proper service." *Id.*, citing *Maryhew v. Yova*, 11 Ohio St.3d 154 (1984). "Valid service of process is presumed when the envelope is received *by any person at the defendant's residence*; the recipient need not be the defendant or an agent of the defendant." (Emphasis added.) *LVNV Funding, Inc. v. Burns,* 2014-Ohio-732, ¶ 14 (2d Dist.), citing *Castellano v. Kosydar*,

42 Ohio St.2d 107, 110 (1975); *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 237 (2d Dist.1996).

{¶ 8} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs., Inc., v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), citing *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist. 1929). "A default judgment rendered without proper service is void." *Emge* at 63, citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, syllabus. The proper procedure for holding a party in default is set forth in Civ.R. 55(A):

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor. . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. . . .

{¶ 9} In consideration of a motion for default judgment, and if warranted, the court may enter judgment against the party who failed to plead. "'The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief.' . . ." *KeyBank Natl. Assn. v. Sarameh*, 2013-Ohio-2576, ¶ 11 (2d Dist.), quoting *Gary R. Gorby & Assocs. v. McCarty*, 2011-Ohio-1983, ¶ 33 (2d Dist.). "If the defending party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology Assocs.* at 120. "A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion." *Reid v. Williams*, 2024-Ohio-3332, ¶ 11 (2d Dist.), citing *Lacy v. State*, 2020-

Ohio-3089, ¶ 83 (11th Dist.).

{¶ 10} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Under such review, "a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable." *Id.*, citing *Proctor v. Proctor,* 48 Ohio App.3d 55, 60-61 (3d Dist. 1988). "When applying an abuse of discretion standard, the appellate court is not free to simply substitute its judgment for that of the trial court." *Shehata v. Shehata*, 2002-Ohio-3659, ¶ 11 (2d Dist.), citing *Berk v. Matthews*, 53 Ohio St.3d 161 (1990).

{¶ 11} Finally, it is well settled that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure[ ] and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 12 (2d Dist.), citing *Dunina v. Stemple*, 2007-Ohio-4719, ¶ 3 (2d Dist.).

{¶ 12} The record reflects that Ingram was properly served; the notice was reasonably calculated to reach Ingram, and the trial court did not abuse its discretion in concluding that service was proper. Service of process was perfected and signed for on November 26, 2024, at the mailing address identified as Ingram's in the property records attached to the complaint for foreclosure (and also listed by Ingram as her mailing address in her brief), belying any suggestion that the pleading was simply left in Ingram's mailbox.

{¶ 13} App.R. 14 governs the computation and extension of time, and App.R. 14(C), on which Ingram relies, states:

Whenever a party has the right or is required to do some act or take some

proceedings within a prescribed period after service of a notice or other document upon that party and the notice or paper is served upon the party by mail or commercial carrier service under App.R. 13(C)(4), three days shall be added to the prescribed period. This division does not apply to responses to service of summons in original actions.

{¶ 14} App.R. 14(C) had no application to this foreclosure action and provided no basis to allow Ingram until the random date of July 31, 2025, to sell the property and pay the taxes. Ingram has cited no other authority for any extension.

{¶ 15} For the foregoing reasons, Ingram's assignments of error are overruled.

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.