[Cite as *Pheasant Ridge Assn., Inc. v. Harper*, 2026-Ohio-1480.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| PHEASANT RIDGE ASSOCIATION, INC. | : | C.A. No. 30661 |
| | : | |
| Appellees | : | Trial Court Case No. 2025 CV 03200 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| JEREMY HARPER, ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

_____
CHRISTOPHER B. EPLEY, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

OPINION

JEREMY HARPER, Appellant, Pro Se
MICHELLE L. POLLY-MURPHY and MAGDALENA E. MYERS, Attorneys for Appellee

EPLEY, J.

{¶ 1} Jeremy Harper appeals pro se from a default judgment in favor of Pheasant Ridge Association, Inc. ("the Association"), on the Association's foreclosure claim for unpaid assessments regarding property located at 6903 Greeley Avenue in Dayton, Ohio. For the following reasons, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} Harper is the record owner of real property located at 6903 Greeley Avenue, Dayton, Ohio 45424 ("the Property"). Due to his ownership of the Property, Harper became a member of the Association, which is a non-profit corporation for the operation of the day-to-day affairs of the Villages of Pheasant Ridge. Further, he signed a declaration agreeing to be bound by the bylaws of the Association, which included the payment of assessments for operating expenses of the Association. Harper failed to pay these expenses, and on January 10, 2022, the Association filed a certificate of lien for unpaid assessments. On May 28, 2025, after Harper failed to pay the outstanding amount due, the Association filed a complaint for foreclosure against Harper.

{¶ 3} The Association served Harper with a copy of the complaint via certified mail on June 4, 2025. Harper failed to file an answer or other responsive pleading within the time required under the Civil Rules, and on September 26, 2025, the Association filed a motion for default judgment against him. With the motion for default judgment, the Association included an affidavit of account, which showed Harper's itemized account history and the

amount due. The Association also submitted copies of its declaration and its certificate of lien against the Property. Harper did not file a response to the Association's motion for default judgment or to any of the evidence submitted in support of the motion.

{¶ 4} On September 26, 2025, the trial court granted the Association's motion for default judgment. Harper now appeals the trial court's judgment.

## II. Appellate Review

{¶ 5} Harper's appellate brief does not set forth any assignments of error as required by App.R. 16(A)(3). It is apparent, however, that he is challenging the trial court's grant of default judgment in favor of the Association. We review a trial court's decision to grant or deny a motion for default judgment under an abuse of discretion standard. *Reid v. Williams*, 2024-Ohio-3332, ¶ 11 (2d Dist.). The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "It is to be expected, however, that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *State v. Malloy*, 2012-Ohio-2664, ¶ 24 (2d Dist.).

{¶ 6} In his appellate brief, Harper acknowledges that he fell behind on required payments to the Association, despite receiving multiple bills and late notices from the Association via mail. However, Harper takes issue with the fact that no one from the Association contacted him personally regarding the outstanding balance and contends that he was unable to pay bills due to mental health issues.

{¶ 7} Notably, Harper did not file an answer or any other response to the Association's complaint, nor did he present any evidence or legal arguments to dispute the Association's

right to foreclose on the Property due to nonpayment of assessments and operating expenses.

{¶ 8} "Parties may not raise any new issues or legal theories for the first time on appeal that were not raised in the lower court." *Edwards v. Galluzzo*, 2024-Ohio-2005, ¶ 22 (2d Dist.), citing *Independence v. Office of the Cuyahoga Cty. Executive*, 2014-Ohio-4650, ¶ 30. Issues or arguments that are not raised in the trial court are deemed forfeited or waived for purposes of appeal. *State ex rel. Internatl. Assn. of Fire Fighters, Local 1536, AFL-CIO v. Sakacs*, 2023-Ohio-2976, ¶ 23; *see, e.g.*, *Bank of Am., N.A. v. Thompson*, 2015-Ohio-456, ¶ 19 (2d Dist.) (homeowner's grounds for challenging summary judgment in foreclosure action "are waived, and may not be raised for the first time on appeal," when not previously raised in the trial court); *State v. Shutway*, 2015-Ohio-2432, ¶ 18 (2d Dist.) (issues not raised in the trial court are waived for purposes of appeal).

{¶ 9} Here, because Harper did not respond to the complaint or the motion for default judgment, he cannot raise on appeal defenses to the Association's allegations regarding his default. Further, the record is clear that Harper was served with the complaint and summons by certified mail on June 4, 2025, and he had 28 days to either file his answer or respond with an appropriate motion. However, Harper failed to take any action to respond to the Association's complaint. Therefore, the trial court did not abuse its discretion when it granted default judgment in favor of the Association. Even assuming that Harper had properly raised an assignment of error claiming that the trial court abused its discretion in sustaining the Association's motion for default judgment, his implied assignment of error is overruled.

### III. Conclusion

{¶ 10} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

4

HUFFMAN, J., and HANSEMAN, J., concur.